UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, et al., *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC, et al.,<br><br>Defendants. | Case No.: 20cv1528-H (MSB)<br><br>**ORDER DENYING JOINT MOTION TO AMEND SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br>**[ECF NO. 63]** |

On August 2, 2021, the parties filed a "Joint Motion to Continue All Scheduling Order Deadlines." (ECF No. 63.) In support of their motion, they explain that Defendants' counsel filed a Motion to Withdraw as Counsel for All Defendants based on non-payment, which is set for hearing on August 30, 2021. (Id. at 2 (citing ECF No. 61).) Noting that discovery is underway and there are a number of imminent deadlines in the scheduling order, the parties represent their belief that "the best course of action would be for the Scheduling Order deadlines to be continued by 45 days and to extend the deadlines to raise discovery issues to September 15th, 2021." (Id. at 3.)

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the

1

20cv1528-H (MSB)

diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases).  "If that party was not diligent, the inquiry should end." Id.

The instant motion appears to presuppose that the Court will permit Defendants' counsel to withdraw.  (See ECF No. 63 at 3 (explaining that in the time requested for the continuance, "the Court will have ruled on the Motion to Withdraw, and Defendants may retain new counsel to represent them in this action").)  The Court notes that at present, defense counsel has not been granted permission to withdraw from its representation in this case and remains counsel of record for all Defendants.  Nothing in the parties' joint motion demonstrates why, with diligence, the parties cannot meet the deadlines in this case.  Nor does the motion demonstrate why Defendants have not been able to retain replacement counsel if they do not wish to retain the services of their current counsel.  At this time, there is no showing of good cause and diligence that would support amending the scheduling order as requested.

Therefore, upon consideration of the parties' joint motion and after consultation with the chambers of the Honorable United States District Judge Marilyn L. Huff, the Court **DENIES** the motion.

**IT IS SO ORDERED**.

Dated:  August 3, 2021

Honorable Michael S. Berg
United States Magistrate Judge