# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, individually and on behalf of all others similarly situated; CHARLENE BAVENCOFF, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC; RICHARD NELSON; BEYOND GLOBAL INC.; and DOES 1-10,<br><br>Defendants. | Case No.: 3:20-cv-01528-H-MSB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SEAL DOCUMENTS AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Doc. Nos. 89, 90.] |

On September 24, 2021, Plaintiffs Janet Sihler and Charlene Bavencoff filed a motion for leave to file a second amended complaint. (Doc. No. 89.) On September 24, 2021, Plaintiffs also filed a motion to seal Plaintiffs' proposed second amended complaint and a redline of changes in the second amended complaint. (Doc. No. 90.) On October 20, 2021, the parties filed a joint motion to stay the proceedings. (Doc. No. 96.)

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "A party

seeking to seal a judicial record…bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Kamakana, 447 F.3d at 1178–79 (citations omitted) (internal quotation marks omitted); see also Ctr. for Auto Safety, 809 F.3d at 1096–97.

Based on the strong presumption in favor of access to court records, the Court declines to seal Plaintiffs' proposed second amended complaint and Plaintiffs' redline of changes in the second amended complaint. (Doc. No. 89.) As Plaintiffs point out, the proposed redacted information in the documents has been designated as confidential pursuant to the amended protective order in this action. (Doc. No. 52.) Plaintiffs seek to file the documents under seal in order to comply with the amended protective order. (Doc. No. 90 at 2.) The Court has reviewed the redacted information and has determined that the amended protective order is overinclusive. See In re Violation of Rule 28(D), 635 F.3d 1352, 1357 (Fed. Cir. 2011) ("It is well settled that Rule 26(c)(1) does not furnish an absolute privilege against disclosure of material that a party might wish to mark confidential."). Plaintiffs may submit for the Court's consideration redacted versions of the documents with a narrower scope, and the Court will consider whether good cause exists to seal certain portions of the documents.

In light of the parties' joint motion to stay the proceedings, (Doc. No. 96), the Court also denies Plaintiffs' pending motion for leave to file a second amended complaint as premature. (Doc. No. 89.) The Court vacates the hearing on the motion for leave to file a second amended complaint that is currently schedule for November 8, 2021.

**IT IS SO ORDERED.**

DATED: November 1, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT