```
JOSEPH M. ALIBERTI, Esq. (CSB#168870)
LAW OFFICES JOSEPH M. ALIBERTI
4340 Von Karman Ave , Suite 110
Newport Beach, CA 92660
Telephone:  (866) 779-9749
Email: JMA@ALIBERTILAW.COM

Attorney for Defendant
Beyond Global Inc.,
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly<br><br>Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC; RICHARD NELSON; BEYOND GLOBAL INC.; and JOHN DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.: 3:20-cv-01528 LL MSB<br>Assigned All Purposes Hon Linda Lopez<br>Complaint Filed: 08 06 20 FAC Filed 01/07/2021<br><br>Memorandum Points and Authorities re Motion Attorney (Aliberti) be relieved as counsel for Record for Beyond Global Inc., Proof of Service<br><br>Served Concurrently with Notice Mx, Attorney Declaration Request Judicial Notice, and Order<br><br>Motion Date: March 11, 2022<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**.

Attorneys Joseph M. Aliberti and Law Offices Joseph M. Aliberti (collectively, Attorney), submit the following points and authorities in support of their motion to for an order permitting them to be relieved as counsel / withdraw as counsel of record re Defendant Beyond Global, Inc. (Hereinafter Client)  Due to the following:

(1) Client(s) breached numerous material terms of the retainer agreement with or obligation to the Attorney regarding representation and the lawyer gave reasonable warnings after the breach Attorney will withdraw unless Client fulfill the agreement or performs the obligation;

-1-

1      (2) Failure of Clients to pay legal fees to Attorney.

2      (3) Clients have refused to follow Attorney's advise

3      (4) Numerous events and circumstances show/ lead to the fact there is a complete break

4  down in the attorney client relationship;

5      (5) There is presently a conflict of interest that has just arisen/ it cannot be resolved;

6      (6) other conduct by the Client "renders it unreasonably difficult for the lawyer to carry out

7  the representation effectively." (*California Rules of Professional Conduct* 1.16(b); *Estate of*

8  *Falco v. Decker* (1987) 188 Cal.App.3d 1004, 1014)

9      For each of the reasons shown above, Attorney has given numerous and reasonable

10  warnings after the breach that the lawyer will withdraw unless the client fulfills the agreement or

11  performs the obligation. The conflict of interest however cannot be cured and requires Attorney

12  to withdraw immediately.  Attorney had previously advised/warned  Clients of the potential

13  conflicts. Clients ignored these advisements/ warnings.

14      In drafting the motion, the attorney must only disclose enough information to satisfy the

15  court that grounds exists for relieving the attorney.  Even with the client's consent, an attorney

16  may not withdraw as counsel except with leave of court. (*SD CA Rule* 83.3(f)(3)]

17      In the present matter, this is the second time this type of motion has been filed against

18  Client Beyond Global Inc..  This is also the second firm filing such a motion. Client is just brining

19  attorneys on to represent them in this matter to fill a stop gap. Then the conduct warranting a

20  motion to be relieved by Client begins and happens all over again in very short fashion

21  **II. Mx SHOULD BE GRANTED EVEN IF BEYOND GLOBAL IS A CORPORATION**

22      Federal Courts rely on California. California Rules of Professional Conduct provide for

23  permissive withdrawal when the client breaches a material term of an agreement with, or

24  obligation to the lawyer relating to the representation...(*Cal. R. Prof. Conduct, Rule.* 1.16(b)(5).

25  In determining whether to grant a motion to withdraw as counsel, courts weigh four factors: (1)

26  reason why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3)

27  the harm withdrawal might cause to the administration of justice; and (4) the degree to which

28

1 withdrawal will delay the resolution of the case. (Beard v. Shuttermart No. 07CV594 WQH
2 (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *Nedbank Int'l, Ltd., v. Xero Mobile,*
3 *Inc., No.* CV 07-6594 PSG (AGRx), 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

4     Here, the four factors clearly weigh in favor of granting withdrawal. (Please see paragraph
5 2 of the attorney declaration filed concurrently which shows the following) Reasons include
6     (1) client(s) breached numerous material terms of the retainer agreement with or obligation
7 to the lawyer regarding representation and the lawyer gives a reasonable warning after the breach
8 that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation
9     (2) Failure of Beyond Global to pay legal fees
10     (3) Clients have refused to follow the attorney's advise
11     (4) numerous events and circumstances show/ lead to the fact there is a complete break
12 down in the attorney client relationship;
13     (5) There is presently a conflict of interest that has just arisen / it cannot be resolved;
14     (6) other conduct by the client "renders it unreasonably difficult for the lawyer to carry out
15 the representation effectively."

16     For each of the reasons shown above, Attorney has given numerous reasonable warnings
17 after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs
18 the obligation. The conflict of interest however cannot be cured and requires Attorney to be
19 allowed to withdraw immediately.  Attorney had previously advised/warned  Clients of the
20 potential conflicts. Clients ignored these advisements/ warnings.

21     As the attorney Declaration filed concurrently further shows:

22     Paragraph 3. Client was advised in writing non numerous occasions that due to the nature
23 of client and other individuals, and the circumstances and objectives for this venture, it is
24 attorney's responsibility to point out the  possibility of all respective interests that may conflict in
25 various matters. (*Rule* 3-310(B) of the *Ca. Rules of Professional Conduct* governing attorneys
26 provides that "A member of the state bar shall not concurrently represent a client whose interests
27 conflict, except with their informed written consent." An initial screen has been accomplished. ...
28

Clients understand that if Attorney represents a business, corporation, partnership, husband & wife, or any other joint representation, there is an inherent conflict.  Client and Attorney have discussed conflict in detail....  Client understands that Law Firm cannot take the side/position of one officer, partner, shareholder, manager, employee, or spouse over the others. If there is a dispute in the matter, settlement, litigation, how the matter is handled, or any other dispute or disagreement, clients are first advised to each seek separate council. If the conflict cannot be resolved through independent council, Law Firm  must withdraw from representation of all parties. There is no attorney client privilege between attorney and the clients if there is any dispute between the clients.  After being advised of this on numerous occasions, Clients and each of them acknowledge in writing they understand this.....

      Paragraph 4. There are numerous individuals- persons involved. At this point in time, a conflict has arisen that cannot be resolved by any means. Therefore Attorney/ Law firm must withdraw from the representation. Attorney cannot provide any further information without violating the rules pertaining to the attorney client privilege.

      Paragraph 5. This attorney client relationship was short lived. This firm became counsel of record on or about December 10, 2021. Please see docket numbers 99 through 104 in this matter.

      Paragraph 6. As Docket # 104 in this matter shows: On or about October 1, 2021, Beyond Global Inc., filed chapter 7 bankruptcy. The case # was 2:21bk20421.  On November 15, 2021, the Chapter 7 Trustee, David J. Warner,  issued a Report of no distribution stating that I have neither received nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate: and that there is no property available for distribution and that the estate has been fully administered. On November 24, 2021, the docket shows "The trustee has filed a Final Account and has certified that the estate, if any has been fully administered.  Beyond Global, Inc., is a mere shell with no assets that just got out of chapter 7 bankruptcy.

      Paragraph 7. I communicated with the Principals of Client / Beyond Global on numerous occasions starting in or about December 15, 2021. There were many communications in

December. Further communications with the Principals of Client / Beyond Global continued non January 10, 12, 13, 14, 18, 19, 20, 21, 24th, 25th, 26th, 28th, 30th, 31st, Feb 1st and Feb 2nd.  On many days many communications were made or attempted on the same day in different formats including email, phone text, etc. Principals would set up appointments and just not make the appointment..

Paragraph 8. On many of the dates shown above, for each of the reasons shown in paragraphs 2 through 4 above, during the many communications, (although producing would violate the attorney client privilege, this is all in writing), Attorney gave numerous ane reasonable warnings after the breach that the lawyer would withdraw unless the client (Principals of Beyond Global) fulfilled the agreement or performed their obligation.  The conflict of interest however cannot be cured and requires Attorney to be allowed to withdraw.  Attorney had previously advised/warned  Clients of the potential conflicts. Clients ignored these advisements/ warnings.

Paragraph 9. Clients were advised on numerous occasions that as entities, they cannot represent themselves and of the consequences of not retaining legal counsel in this matter.

Paragraph 10. As mentioned, this is not the first time Clients / Beyond Global had a motion filed against them seeking that counsel withdraw. On those occasions, the court advised them that as entities they cannot represent themselves in the action, of the consequences of not retaining counsel, that they need to cooperate, and that they needed to look for other counsel.

Paragraph 11. As of the filing of this matter, Clients have not cured the breaches. The conflict as discussed above cannot be cured. Attorney and Law Firm must be relieved as counsel.

Paragraph 12. Further, due to the fact Client is again refusing to pay legal fees, his firm's counsel representation of Clients will result in an unreasonable financial burden due to Clients failure to pay their legal bills, despite demands for payment being made and a warning of withdrawal being given.

Paragraph 13. Numerous attempts were made to further communicate with Clients who were given notice and all supporting documents by voice mail, text, email and U.S. Mail

As shown above and in the attorney declaration, Clients clearly have been given an

1 adequate warnings otherwise Law Firm would withdraw.

2    Client Beyond Global Inc. had been advised on numerous occasions by Law Firm and by this honorable court as well, (probably previous judge) that, as entities, they cannot represent themselves in the action and the consequences of not retaining legal counsel in this matter.

   Courts have held that simply failing to pay attorney's fees may be grounds for withdrawal (*Statue of Liberty-Ellis Island Found., Inc. v. International United Indus., Inc.* (SD NY 1986) 110 FRD 395, 397; Canandaigua Wine Co. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009); *Moss Landing Commercial Park v. Kaiser*, No. C-07-06072 RMW, 2009 WL 764873, at *1 (Applying Ca's Rules of Professional Conduct)

   In the present matter, the breaches of the attorney client retainer agreement go way beyond Clients failure to pay fees. There is also a conflict of interest that cannot be cured.  Granting this withdrawal will not prejudice Plaintiffs, delay resolution of the case, or impact the administration of justice. Discovery has not begun in this case. The Class has not been certified. There is no trial date set, and we are waiting on further guidance and scheduling from the court. Plaintiffs' counsel indicated that they will amend the complaint. Notwithstanding the early stage of the litigation, good cause exists to grant this motion so that the case can move forward with replacement counsel before the litigation actually begins and while we are still in the pleading stage.

   Beyond Global-Clients have been provided ample notice and opportunity to retain new counsel. Further, this is the pattern and practice of Clients.

   A. FOLEY IS NOT CONTROLLING

   In the recent order / docket # 69 dated August 9, 2021, the court denied the Rome Firm's exact motion re the same issues, (Beyond Global's previous counsel requested to be relieved as counsel of record). This honorable court (through the previous judge) ruled...."It is well established that corporations may appear in federal court only through licensed counsel." *Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1283 (C.D. Cal. 2004) (citing *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972)); see also *Civ. L.R*. 83.3(j) "

   The *Foley* case is not controlling. Nor is Civ. L.R. 83.3(j). While said case and L.R. 83.3

-6-

Feb 2020 Memo Points Authorities Support Mx Att Withdrawal    3:20-cv-01528-LL-MSB

hold a Corporation cannot appear without counsel, they do not hold the court cannot relieve counsel of record representing a corporation when valid issues arise even if said corporation does not have an attorney. In fact, neither the *Foley* case nor Civ. L.R. 83.3(j) discuss the issue raised in this motion. The *Foley* case was about whether or not general counsel could represent a corporation for a single motion. Said authority also does not give Beyond Global a get out of jail free card to take the steps/or not take the steps that requires now their second attorney to request to be relieved as counsel.  Clearly, this motion should be granted. Beyond Global has been warned several times, has had ample time to get further counsel, and has had ample time to not create the scenarios that create these motions for counsel to ask to be allowed to withdraw. There is also a conflict of interest that has now arisen that cannot be resolved.

**III. BEYOND GLOBAL IS A MERE SHELL BANKRUPTCY AFTER CHAPTER 7**

As paragraph 6 of the attorney declaration and dockets in this matter show, (request for judicial notice Client is a mere shell.  As Docket # 104 in this matter shows: On October 1, 2021, Beyond Global Inc., filed chapter 7 bankruptcy. (case # was 2:21bk20421).  On November 15, 2021, Chapter 7 Trustee, Warner,  issued a Report of no distribution stating I have neither received nor paid any money on account of this estate; I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate: there is no property available for distribution and the estate has been fully administered. On November 24, 2021, the docket shows "The trustee has filed a Final Account and has certified the estate, if any has been fully administered. Beyond Global, Inc., is a mere shell with no assets that just got out of Chapter 7.  Please also see docket #s 92, 98 and 99. Please see request for Judicial notice.

**IV. ATTORNEY CANNOT REPRESENT CLIENT WHEN THERE IS A CONFLICT**

Conflict of interest rules assure the attorney's absolute and undivided loyalty and commitment to the client and the protection of client confidences. (*Flatt v. Sup.Ct.* (1994) 9 Cal.4th 275, 282) As the attorney declaration filed concurrently herein shows, there is now conflict of interest that cannot be cured.

Paragraph 3 of the attorney declaration shows. Client was advised in writing non numerous

occasions that due to the nature of client and other individuals, and the circumstances and objectives for this venture, it is attorney's responsibility to point out the possibility of all respective interests that may conflict in various matters. (Rule 3-310(B) of the Ca. Rules of Professional Conduct governing attorneys provides that "A member of the state bar shall not concurrently represent a client whose interests conflict, except with their informed written consent." An initial screen has been accomplished....Clients understand that if Attorney represents a business, corporation, partnership, husband & wife, or any other joint representation, there is an inherent conflict.  Client and Attorney have discussed conflict in detail....  Client understands that Law Firm cannot take the side/position of one officer, partner, shareholder, manager, employee, or spouse over the others. If there is a dispute in the matter, settlement, litigation, how the matter is handled, or any other dispute or disagreement, clients are first advised to each seek separate council. If the conflict cannot be resolved through independent council, Law Firm must withdraw from representation of all parties. There is no attorney client privilege between attorney and the clients if there is any dispute between the clients.  After being advised of this on numerous occasions, Clients and each of them acknowledge in writing they understand this.

     Paragraph 4 of the attorney declaration shows. There are numerous individuals- persons involved. A conflict has arisen that cannot be resolved by any means. Therefore Attorney/ Law firm must withdraw from the representation. Attorney cannot provide any further information without violating the rules pertaining to the attorney client privilege.  Paragraph 5 of the attorney declaration shows. This attorney client relationship was short lived. We became counsel of record on December 10, 2021. Please see docket numbers 99 to 104 in this matter. (See Request for Judicial notice.

**V. CONCLUSION**

     Clearly good cause exists to grant this Motion and permit Joseph M. Aliberti and Law Offices Joseph M. Aliberti to withdraw as counsel for Clients Beyond Global, Inc..

Dated: February 4, 2022                                  Law Offices of Joseph M. Aliberti
*/s/ Joseph M. Aliberti /s/*
Joseph M. Aliberti, Esq.
Attorney for Defendant Beyond Global Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on February 4, 2022 a true and correct copy of **Memo Points and Authorities Relieve/ Withdraw as Counsel of Record** was served by the method noted below, on all counsel or parties of record on the Service List below. Each person was served via CM/ECF unless otherwise indicated.

## SERVICE LIST

(1) KNEUPPER & COVEY, PC,
Mr. Kevin Kneupper, Esq. kevin@kneuppercovey.com
A. Cyclone Covey, Esq. cyclone@kneuppercovey.com
17011 Beach Blvd., Suite 900 Huntington Beach, CA 92647 Tel: (512) 420-8407
Attorneys For Plaintiffs

(2) FITZGERALD KNAIER LLP
Mr. Keith Cochran kcochran@fitzgeraldknaier.com
Robert G. Knaier ""; "rknaier@fitzgeraldknaier.com"
Kenneth M. Fitzgerald, Esq kfitzgerald@fitzgeraldknaier.com.
402 West Broadway, suite 1400, San Diego Ca. 92101
Attorneys for Defendants The Fulfillment Lab, Inc. and Richard Nelson

(3) Mr. Rickie Joe James Jr
6335 Paria Ct, Port Orange, FL 32128     386-481-0091      made2own@gmail.com
Principal of Beyond Global, Inc.  **Served Via U.S. Mail, E-Mail, Text Phone Message**

(4) Mr. David Flynn
7762 Roaring Springs Cir Las Vegas, NV 89113 (702) 277-8611 4davidflynn@gmail.com
Principal of Beyond Global, Inc **Served Via U.S. Mail, E-Mail, Text Phone Message**

I declare under the penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

Dated: February 4, 2022                */s/ Denise Size /s/*
                                       Denise Size