UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, individually and on behalf of all others similarly situated; CHARLENE BAVENCOFF, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC.; RICHARD NELSON; BEYOND GLOBAL, INC.,<br><br>                                  Defendants. | Case No.: 20cv1528-LL-MSB<br><br>**ORDER GRANTING PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>[ECF No. 115] |

Currently before the Court is Plaintiffs' Second Motion for Leave to Amend the Complaint ("Motion" or "Mot."). ECF No. 115. No opposition has been filed. For the reasons set forth below, the Motion is **GRANTED**.

Plaintiffs in this putative class action seek leave to amend their First Amended Complaint to add additional Defendants whose identifies were uncovered in the discovery process and to add claims against these Defendants. Mot. at 2. Plaintiffs attached to their Motion a proposed Second Amended Complaint and a red-lined amended complaint. ECF Nos. 115-1, 115-2.

A party may amend its pleading once as a matter of course within twenty-one days after serving it. Fed. R. Civ. P. 15(a). When the time has passed for amendment as a matter of course, a party may amend its pleading with the opposing party's written consent or with the court's permission. *Id.* "The court should freely give leave when justice so requires." *Id.* The Ninth Circuit has stated that "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court does not find the presence of bad faith or undue delay. Plaintiffs request to amend their complaint to add Defendants Brightree Holdings Corp., BMOR Global LLC, David Flynn, and Rickie Joe James. Mot. at 4. Plaintiffs state that the identities of these Defendants were unknown when they filed their complaint and the First Amended Complaint ("FAC"), and were revealed only after Plaintiffs used non-public corporate records produced by Defendants in discovery. *Id.* at 4–5. The Court notes that the motion to amend was timely filed. *See* ECF No. 113.

Additionally, the Court does not find that granting leave to amend would prejudice the opposing parties or be futile. In the parties' joint discovery plan, Defendants agreed that it was appropriate for Plaintiffs to add the new Defendants identified in their proposed Second Amended Complaint. Mot. at 6; ECF No. 111 at 2–3. Adding new Defendants and claims against them would not be futile because Plaintiffs describe the new Defendants as individuals and corporations who were behind the activities previously alleged in the FAC but who could not be identified from public information. Mot. at 6.

As to the last factor, although Plaintiffs amended their complaint once before, the new information was unknown at that time. *Id.* Accordingly, the Court **GRANTS** Plaintiffs' Motion as follows:

1. The Court notes that Plaintiffs eliminated the sixth cause of action for "violation of various consumer protection laws" in their proposed and redlined Second Amended Complaint, but it remains in the caption. Plaintiffs shall correct the proposed Second Amended Complaint by deleting the sixth cause of action from the caption.

2. Plaintiffs shall file and serve the corrected Second Amended Complaint on or before **March 7, 2022**.

**IT IS SO ORDERED**.

Dated: March 2, 2022

_____
Honorable Linda Lopez
United States District Judge