UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly, <div align="right">Plaintiffs,</div> v. THE FULFILLMENT LAB, INC; RICHARD NELSON; BEYOND GLOBAL, INC.; and JOHN DOES 1-10, <div align="right">Defendants.</div> | Case No.:  20cv1528-LL-MSB **ORDER GRANTING ATTORNEY JOSEPH M. ALIBERTI'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT BEYOND GLOBAL, INC.** **[ECF No. 114]** |

Pending before the Court is Joseph M. Aliberti's Motion to Withdraw as counsel of record for Defendant Beyond Global, Inc. ("Motion").[1] ECF No. 114-1. The Motion was

---

[1] Mr. Aliberti also requests the Court take judicial notice of eleven documents filed in this case. ECF No. 114-3. Although the Court may take judicial notice of its own docket, the Court sees no reason to do so in this instance because the entire record is available for the Court's review. *See Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union*, No. 3:20-CV-00108-TMB, 2021 WL 1081139, at *2 (D. Alaska Feb. 12, 2021) (citation omitted). The request for judicial notice is **DENIED without prejudice**.

submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. No opposition has been filed. For the reasons explained below, the Court **GRANTS** Mr. Aliberti's Motion to Withdraw as counsel for Defendant Beyond Global, Inc.

## I.     BACKGROUND

On December 10, 2021, Defendant Beyond Global, Inc. ("Beyond Global") filed a Notice of Substitution of Counsel. ECF No. 100. On January 13, 2022, this Court granted the motion and ordered Mr. Aliberti to be substituted as counsel for Beyond Global. ECF No. 109.

On February 4, 2022, Mr. Aliberti and Law Offices Joseph M. Aliberti moved to withdraw as counsel of record for Beyond Global. ECF No. 114-1.

## II.    LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under the Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For

example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Counsel must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

The California Rules of Professional Conduct provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4). An attorney may also withdraw if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(5). Regarding conflicts of interest that arise during representation and that require new informed written consents, "[i]n the absence of such consents, depending on the circumstances, the lawyer may have the option [under Rule 1.16] to withdraw from one or more of the representations in order to avoid the conflict." Cal. R. Prof. Conduct 1.7, Comment 10. Additionally, a lawyer "shall withdraw from the representation of a client if . . . the lawyer knows or reasonably should know that the representation will result in violation of these rules or the State Bar Act." Cal. R. Prof. Conduct 1.16(a)(2).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

/ / /

/ / /

### III.   DISCUSSION

#### A.   Valid Cause for Withdrawal

Mr. Aliberti attests that he seeks to withdraw as counsel for the following reasons: (1) Beyond Global has breached material terms of the retainer agreement with Mr. Aliberti despite repeated warnings by counsel that he would withdraw unless Beyond Global fulfills its obligations under the agreement; (2) Beyond Global has failed to pay legal fees; (3) Beyond Global has refused to follow counsel's advice; (4) there has been a "complete breakdown" in the attorney-client relationship; (5) a conflict of interest has arisen and cannot be cured; and (6) Beyond Global's conduct has made it "unreasonably difficult" to carry out effective representation. ECF No. 114-2, Declaration of Joseph M. Aliberti (hereinafter "Aliberti Decl."), ¶ 2.

As a preliminary matter, the Motion properly includes a declaration that it was served on Beyond Global and opposing counsel pursuant to Civil Local Rule 83.3(f)(3). ECF No. 114-1 at 9.

The Court finds Mr. Aliberti claims valid reasons for withdrawal. First, Beyond Global breached material terms contained in its retainer agreement with counsel. Aliberti Decl. ¶ 2. To that end, Mr. Aliberti provided warnings about his potential withdrawal unless Beyond Global fulfilled its obligations under the agreement. *Id.* Beyond Global also failed to pay its legal fees. *Id.* ¶¶ 2, 12. Finally, Mr. Aliberti attests that a conflict of interest has arisen "that cannot be resolved by any means" and requires him to withdraw from the representation *Id.* ¶¶ 2–4. Mr. Aliberti further attests that he had advised and warned Beyond Global of potential conflicts and the consequence of withdrawal, but Beyond Global "ignored these advisements/warnings." *Id.* ¶¶ 4, 8. Taken altogether, the reasons described provide grounds for withdrawal consistent with the California Rules of Professional Conduct. *See* Cal. R. Prof. Conduct 1.16; *see also Osgood*, 2017 WL 7362740, at *1 (granting counsel's motion to withdraw due to defendants, including a corporate defendant, failing to pay legal fees and refusing to communicate with counsel).

Next, it does not appear that withdrawal would prejudice the other litigants, harm the administration of justice, or delay the resolution of the case. Mr. Aliberti repeatedly warned Beyond Global throughout January of 2022 and in the days leading up to the filing of the Motion about the possibility of withdrawal. Aliberti Decl. ¶¶ 7–8. Thus, Beyond Global was provided notice and time for the employment of other counsel. *See* Cal. R. Prof. Conduct 1.16(d). Additionally, the case is at an early stage in the litigation process because the parties have not begun discovery. ECF No. 114-1 at 6; *see also* ECF No. 113 (Amended Scheduling Order); *Gurvey*, 2010 WL 2756944, at *1. Accordingly, the Court finds it is appropriate for Mr. Aliberti to withdraw as counsel because the relevant considerations weigh in his favor.

### B. Defendant Must Retain New Counsel or Risk Default Proceedings

The Court recognizes that granting the withdrawal motion would leave Beyond Global, a corporate entity, without counsel in contravention of Local Rule 83.3(j). However, Rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings. *See, e.g.*, *Langer v. YM Holdings, LLC*, No. 18-CV-1114 JLS (KSC), 2019 WL 2472623, at *2 (S.D. Cal. June 13, 2019) (granting counsel's motion to withdraw from representing a corporate defendant; ordering the defendant to obtain new counsel within forty-five days and requiring counsel to file a notice of appearance within that timeframe; and warning the defendant of the risk of default judgment upon its failure to retain new counsel); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).

/ / /

/ / /

/ / /

/ / /

**IV.   CONCLUSION**

For the above reasons, the Court **GRANTS** the Motion as follows:

1.      Joseph M. Aliberti's Motion to Withdraw as counsel of record is **GRANTED**.

2.      Defendant Beyond Global, Inc. must retain counsel within **thirty days** from the date of this Order and have counsel file a notice of appearance.

3.      The Court will enter default judgment against Beyond Global, Inc. if it fails to obtain new counsel and have counsel file a notice of appearance within thirty days from the date of this Order.

4.      The Clerk of Court shall update the docket to reflect the withdrawal of Joseph M. Aliberti as counsel of record for Defendant Beyond Global, Inc.

**IT IS SO ORDERED**.

Dated:  March 3, 2022

_____
Honorable Linda Lopez
United States District Judge

20cv1528-LL-MSB