UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly,<br><br>                              Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC; RICHARD NELSON; BEYOND GLOBAL, INC.; BRIGHTREE HOLDINGS CORP.; BMOR GLOBAL LLC; DAVID FLYNN; RICKIE JOE JAMES,<br><br>                              Defendants. | Case No.: 20cv1528-LL-MSB<br><br>**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS DAVID FLYNN, RICKIE JOE JAMES, BMOR GLOBAL LLC**<br><br>[ECF No. 158] |

      Before the Court is a Motion from attorneys Daniel Watkins, Skye Resendes, and The Watkins Firm, APC (collectively "TWF") to withdraw as counsel of record for Defendants David Flynn, Rickie Joe James, and BMOR Global, LLC (collectively "Clients"). ECF No. 158. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil

Procedure. No opposition has been filed. For the reasons explained below, the Court **DENIES** TWF's Motion to Withdraw as counsel.

## I. BACKGROUND

The operative complaint in this consumer class action involving weight loss pills was filed March 7, 2022 by Plaintiffs Janet Sihler and Charlene Bavencoff against Defendants The Fulfillment Lab, Inc., Richard Nelson, Beyond Global Inc., Brightree Holdings Corp., BMOR Global LLC, David Flynn, and Rickie Joe James. ECF No. 120.

Plaintiffs filed their motion for class certification on June 4, 2022, which is currently pending. ECF No. 130.

On June 24, 2022, the Court denied without prejudice Plaintiffs' ex parte motion for service by alternate means through the Nevada Secretary of State as to Defendant BMOR Global, LLC. ECF No. 137.

On July 19, 2022, Defendants David Flynn and Rickie Joe James were served by alternate means with a summons, the Second Amended Complaint, and the Court's order allowing service by alternate means. ECF No. 146; *see also* ECF No. 145.

On September 23, 2022, Defendants David Flynn, Rickie Joe James, and BMOR Global, LLC filed their answer and affirmative defenses. ECF No. 157.

On November 30, 2022, TWF filed this Motion to Withdraw as counsel for their Clients.

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under the Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398

(S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

### III. DISCUSSION AND CONCLUSION

The Court finds the Motion to Withdraw is fatally deficient. Civil Local Rule 83.3(f)(3) requires service of a motion to withdraw on the moving attorney's client and a declaration of such. The Amended Certificate of Service does not show that service of the Motion was made to BMOR Global, LLC ("BMOR"). ECF No. 159. As there is also no executed summons for BMOR on the docket, this is especially troubling. It appears to the Court that TWF may be the only source of accurate contact and service information for BMOR. Additionally, TWF neglects to give details about its last date of communication from BMOR. The Court is unclear if the missing information has any impact on its analysis of the Motion as to Mr. Flynn and Mr. James.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** TWF's Motion. TWF may cure the deficient service and file an amended motion to withdraw on or before <u>**April 6, 2023**</u>.

**IT IS SO ORDERED**.

Dated: March 16, 2023

_____
Honorable Linda Lopez
United States District Judge