UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly,<br><br>Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC; RICHARD NELSON; BEYOND GLOBAL, INC.; BRIGHTREE HOLDINGS CORP.; BMOR GLOBAL LLC; DAVID FLYNN; RICKIE JOE JAMES,<br><br>Defendants. | Case No.:  20cv1528-LL-DDL<br><br>**ORDER**<br><br>**(1) GRANTING AMENDED MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS DAVID FLYNN, RICKIE JOE JAMES, BMOR GLOBAL LLC**<br>[ECF No. 162];<br><br>**(2) RE BRIEFING ON MOTION FOR CLASS CERTIFICATION** |

Before the Court is an Amended Motion from attorneys Daniel Watkins, Skye Resendes, and The Watkins Firm, APC (collectively "TWF") to withdraw as counsel of record for Defendants David Flynn, Rickie Joe James, and BMOR Global, LLC (collectively "Clients"). ECF No. 162. The Amended Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal

Rules of Civil Procedure. No opposition has been filed. For the reasons explained below, the Court **GRANTS** TWF's Amended Motion to Withdraw as counsel.

## I.   PROCEDURAL HISTORY

The operative complaint in this consumer class action involving weight loss pills was filed March 7, 2022 by Plaintiffs Janet Sihler and Charlene Bavencoff against Defendants The Fulfillment Lab, Inc., Richard Nelson, Beyond Global Inc., Brightree Holdings Corp., BMOR Global LLC, David Flynn, and Rickie Joe James. ECF No. 120.

Plaintiffs filed their motion for class certification on June 4, 2022, which is currently pending. ECF No. 130.

On June 24, 2022, the Court denied without prejudice Plaintiffs' ex parte motion for service by alternate means through the Nevada Secretary of State as to Defendant BMOR Global, LLC ("BMOR"). ECF No. 137.

On July 19, 2022, Defendants David Flynn and Rickie Joe James were served by alternate means with a summons, the Second Amended Complaint, and the Court's order allowing service by alternate means. ECF No. 146; *see also* ECF No. 145.

On September 23, 2022, Defendants David Flynn, Rickie Joe James, and BMOR Global, LLC filed their answer and affirmative defenses. ECF No. 157.

On November 30, 2022, TWF filed a Motion to Withdraw as counsel for their Clients. ECF No. 158. The Court denied it without prejudice for failing to file proof of service of the motion to withdraw on BMOR. ECF No. 161. On March 27, 2023, TWF filed the instant Amended Motion with a sworn amended certificate of service indicating service to BMOR.[1] ECF No. 162. No opposition was filed.

///

///

---

[1] BMOR's registered agent is David Flynn who has also been served. ECF No. 162-2, Declaration of Skye Resendes filed March 27, 2023 ("Resendes Decl. March 2023"), ¶¶ 4–7; ECF Nos. 162-3, 162-4.

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC,* No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under this district's Civil Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. Moreover, there is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

## III. DISCUSSION

As a preliminary matter, the Court notes that TWF has met the requirements of Civil Local Rule 83.3(f) by providing proof of its service of the Amended Motion and the original Motion to Withdraw on the Clients and adverse parties. ECF No. 162-4. The Court turns next to the merits of the Amended Motion.[2]

### A. Valid Cause for Withdrawal

TWF claims that withdrawal as counsel is appropriate because (1) the Clients' refusal to communicate with them has resulted in TWF's lack of authority to act in any particular manner for them and (2) the Clients have failed to abide by the retainer agreement. ECF No. 158-1 at 3–4.

The following summary of events comes from a declaration made by attorney Skye Resendes in the original Motion. Ms. Resendes attests that The Watkins Firm, through her, began representing Mr. Flynn, Mr. James, and BMOR in this matter in August 2022. ECF No. 158-2, Declaration of Skye Resendes filed November 30, 2022 ("Resendes Decl. Nov. 2022"), ¶ 2. From September through October 19, 2022, she shared with the Clients the amount of work and costs involved with getting up to speed and working on the pending motion for class certification, as well as twice requesting "specific direction about the object of the representation." *Id.* ¶ 4. The Clients did not provide any direction in response to those requests and ceased all communication with TWF as of September 23, 2022. *Id.* ¶¶ 4–6. Ms. Resendes, a paralegal, and the firm's operations manager attempted over the course of two months to request a conference with counsel to get direction in the case via U.S. mail, email, texting, and phone calls, with no response. *Id.* ¶ 7. Additionally, the Clients failed to pay their September or October 2022 balances despite invoice emails, courtesy reminders, a letter requesting contact, and warnings that failure to pay would lead to immediate withdrawal. *Id.* ¶ 10. On November 8, 2022, TWF informed the Clients of

---

[2] TWF incorporates its memorandum of points and authorities set forth in its original Motion to Withdraw [ECF No. 158] into its Amended Motion. ECF No. 162-1 at 3.

their intention to withdraw as counsel, with no response. *Id.* ¶ 8. On November 15, 2022, TWF again informed the Clients of their need to withdraw in the absence of communication, with no response. *Id.* TWF communicated their intent to withdraw through phone, text, email, and U.S. mail. *Id.*

In the Amended Motion, counsel for TWF adds that they reconnected with Mr. Flynn on December 8, 2022, but not Mr. James. ECF No. 162-1 at 2. Mr. Flynn is not only their client, but also the registered agent for their client BMOR. Resendes Decl. March 2023 ¶ 4. Counsel states that the differences remain, and TWF cannot proceed because of the continued breakdown in the relationship with Clients. *Id.*; ECF No. 162-1 at 2–3.

The Court finds TWF's claims are valid reasons for withdrawal. The Clients' cessation of communication with TWF, failure to abide by the payment terms of the retainer agreement, and refusal to do either despite warnings of withdrawal have made it unreasonably difficult for TWR to represent the Clients effectively. *See Osgood*, 2017 WL 7362740, at *1 (granting counsel's motion to withdraw due to defendants, including a corporate defendant, failing to pay legal fees and refusing to communicate with counsel). Because the case is in its early stages with class certification not yet decided and the Clients have had sufficient notice of the intent to withdraw, there is no danger of prejudice to other litigants, harm to the administration of justice, or undue delay. *See Gurvey*, 2010 WL 2756944, at *1. Accordingly, the Court finds it is appropriate for TWR to withdraw as counsel for the Clients because the relevant considerations weigh in their favor.

**B.     Business Entity Must Retain New Counsel or Risk Default Proceedings**

The Court recognizes that granting the withdrawal motion would leave BMOR Global, LLC, a corporate entity, without counsel in contravention of Local Rule 83.3(j). However, Rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings. *See, e.g., Osgood*, 2017 WL 7362740, at *2 (granting counsel's motion to withdraw from representing a business entity defendant;

ordering the defendant to obtain new counsel within thirty days and requiring counsel to file a notice of appearance within that timeframe; and warning the defendant of the risk of default judgment upon its failure to retain new counsel); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).

### C. Pending Motion for Class Certification

Counsel describes the breakdown in the attorney-client relationship with the Clients as including a lack of direction as to how counsel should proceed on the pending motion for class certification. Resendes Decl. Nov. 2022 ¶¶ 4–6; Resendes Decl. March 2023 ¶ 4. As a result, no opposition to the motion for class certification has been filed by the Clients. The Court will sua sponte allow the Clients one last opportunity to file an opposition on or before **May 26, 2023**.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** the Amended Motion as follows:

1. TWF's Amended Motion to Withdraw as counsel of record is **GRANTED**. On or before **April 28, 2023**, TWF shall (1) serve a copy of this Order on the Clients and file proof of service with the Court and (2) inform the Clients of the contents of this Order by phone, text message, and email and submit a declaration of having done so.

2. Defendants David Flynn and Rickie Joe James may proceed pro se (without counsel) and must inform the Court and opposing parties of their current addresses on or before **May 12, 2023** pursuant to Civil Local Rule 83.11(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. Defendant BMOR Global, LLC must retain counsel and have counsel file a notice of appearance on or before **May 12, 2023** or be subject to default proceedings filed by Plaintiffs pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Additionally, Clients may file an opposition to the pending motion for class certification on or before **May 26, 2023**.

**IT IS SO ORDERED**.

Dated: April 21, 2023

_____
Honorable Linda Lopez
United States District Judge