# EXHIBIT 3

KEVIN KNEUPPER (CA SBN 325413)
kevin@kneuppercovey.com
A. CYCLONE COVEY (CA SBN 335957)
cyclone@kneuppercovey.com
A. LORRAINE WEEKES
lorraine@kneuppercovey.com
KNEUPPER & COVEY, PC
17011 Beach Blvd., Ste. 900
Huntington Beach, CA 92647-5998
Tel: (512) 420-8407

*Attorneys for Plaintiffs Janet Sihler and Charlene Bavencoff*

ROBERT G. KNAIER (CA SBN 234466)
rknaier@fitzgeraldknaier.com
KENNETH M. FITZGERALD (CA SBN 142505)
kfitzgerald@fitzgeraldknaier.com
KEITH M. COCHRAN (SBN 254346)
kcochran@fitzgeraldknaier.com
FITZGERALD KNAIER LLP
402 West Broadway, Suite 140
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

DEAN A. KENT (FLORIDA SBN 0307040, *pro hac vice*)
DKent@trenam.com
101 East Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: (813) 223-7474
Fax: (813) 229-6553

*Attorneys for The Fulfillment Lab, Inc. and Richard Nelson*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, an individual, on behalf of herself and all persons similarly situated; CHARLENE BAVENCOFF, an individual, on behalf of herself and all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE FULFILLMENT LAB, INC., *et al.*, <br><br> Defendants | CASE NO. 3:20-cv-01528-LL-DDL <br><br> **AGREEMENT OF PARTIAL SETTLEMENT** <br><br> Judge: Hon. Linda Lopez <br> Magistrate Judge: Hon. David Leshner <br><br> Complaint filed: August 6, 2020 |

163136513.11

**TABLE OF EXHIBITS**

| **Document** | **Exhibit Number** |
|---|---|
| Preliminary Approval Order | 1 |
| Final Approval Order | 2 |
| Final Judgment | 3 |
| Request for Exclusion Form | 4 |
| Long-Form Class Notice | 5 |
| Email Notice | 6 |
| Postcard Notice | 7 |
| Pre-Populated Claim Form | 8 |

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

## I.    RECITALS

1.    This Settlement Agreement is entered into by Plaintiffs on behalf of herself and the Class Members, and Defendants The Fulfillment Lab, Inc. and Richard Nelson (collectively, the "Defendants" or the "TFL Parties"). Together, Plaintiffs Janet Sihler, Charlene Bavencoff, and the TFL Parties are referred hereto collectively as the "Parties." Capitalized terms used herein are defined in Section II of this Settlement Agreement or indicated in parentheses.

2.    Subject to Court approval, the Parties stipulate and agree that, in consideration for the promises and covenants set forth in this Settlement Agreement and upon entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, the Action as it relates to the TFL Parties shall be settled and compromised upon the terms and conditions contained herein.

3.    WHEREAS, on August 6, 2020, Plaintiffs filed a class action complaint against the TFL Parties, among other parties, in the United States District Court for the Southern District of California captioned *Sihler et al v. The Fulfillment Lab, Inc. et al,* Case No. 3:20-cv-1528, on behalf of themselves and similarly situated consumers as part of a nationwide and California state sub-class; and

4.    WHEREAS, on June 4, 2022, Plaintiffs filed a motion for class certification of the putative class, and this motion was granted on June 23, 2020; and

5.    WHEREAS, the Parties have engaged in substantial litigation and discovery. In the course of litigation and in preparation for trial: (i) the TFL Parties, among other defendants, have filed motions to dismiss the operative complaints, which have been denied in substantial part; (ii) Plaintiffs has taken multiple depositions; (iii) Plaintiffs' Counsel reviewed thousands of pages of hard-copy and electronic documents produced by the TFL Parties and other Defendants or third parties; and (iv) the Parties have engaged in extensive motion practice, including numerous disputes over discovery; and

-3-

163136513.11

6.     WHEREAS, the Parties participated in an Early Neural Evaluation before Magistrate Judge Berg on June 2, 2021, as well as settlement conferences before Magistrate Judge Leshner on September 11, 2023, September 22, 2023, September 29, 2023, and  April 30, 2024.  Throughout the course of mediation efforts, the Parties were simultaneously engaging in the discovery and litigation efforts described above; and

7.     WHEREAS, Plaintiffs' Counsel have determined that a settlement of the Action on the terms reflected in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class; and

8.     WHEREAS, the TFL Parties, to avoid costs, disruption and distraction of further litigation, and without admitting the truth of any allegations made in or related to the Action, or any liability with respect thereto, have concluded that it is desirable that the claims against them be settled and dismissed on the terms in this Settlement Agreement;

9.     NOW, THEREFORE, this Settlement Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be fully, finally, and forever settled and compromised as between Plaintiffs and the Settlement Class on the one hand, and the TFL Parties on the other hand; and (2) upon final approval of the Settlement Agreement, the Final Judgment and Order Approving Settlement shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties.

## II.     DEFINITIONS

As used in this Settlement Agreement and the attached exhibits, the following terms shall have the meanings set forth below, unless this Settlement Agreement specifically provides otherwise:

1.     "Action" means *Sihler et al v. The Fulfillment Lab, Inc. et al,* Case No.

1  3:20-cv-1528 (S.D. Cal.).

2      2.    "Affiliate" means, with respect to any specified Person, any other

3  Person directly or indirectly controlling, controlled by or under common control with

4  such specified Person; "control" means the possession, directly or indirectly of the

5  power to direct the management and policies of a Person, whether through the

6  ownership of voting securities, by contract or otherwise. "Person" means a natural

7  person or business entity.

8      3.    "Attorneys' Fees and Expenses" means such funds as may be awarded

9  by the Court to compensate and reimburse Plaintiffs' Counsel for work performed in

10  this matter, as set forth in Section IX of this Settlement Agreement.

11      4.    "Claim" means a request for Monetary Payment set forth on Claimant's

12  Pre-Populated Claim Form which is submitted to the Settlement Administrator in

13  accordance with the terms of this Settlement Agreement.

14      5.    "Claimant" means a Class Member who submits a Claim.

15      6.    "Claim Deadline (Original)" or "Original Claim Deadline" means the

16  date by which all Pre-Populated Claim Forms must be submitted online to the

17  Settlement Administrator to be considered timely. The Original Claim Deadline shall

18  be 30 days after the date first set by the Court for the Final Approval Hearing, unless

19  the Parties agree to a longer period.

20      7.    "Claim Deadline (Supplemental)" or "Supplemental Claim Deadline"

21  means an additional 60 days after the Original Claim Deadline for Class Members to

22  submit Claims in the event the Net Fund would exceed the value of the aggregate

23  Claims after pro rata upward adjustment as described in Section IV.4 below.

24      8.    "Class Member" means a member of the Settlement Class. Class

25  Members will be identified via the records produced in this litigation.

26      9.    "Class Member Household" means all persons who share a single

27  physical address or IP address. For all persons who are a legal entity, such as a

28

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

1  corporation, partnership, business organization or association, or any other type of

2  legal entity, there can be only one physical address for purposes of this settlement

3  even if the entity has multiple offices or locations.

4      10.    "Class Notice" means, collectively, the Long-form Class Notice and

5  Email Notice substantially in the forms of the attached Exhibits and as discussed in

6  Section VI of this Settlement Agreement.

7      11.    "Class Notice Program" means the dissemination of Class Notice as

8  described in Section IV.C below and as described in the attached Exhibits.

9      12.    "Class Period" means August 6, 2016 to the date the Preliminary

10  Approval Order is entered.

11      13.    "Class Representatives" or "Plaintiffs" means Janet Sihler and Charlene

12  Bavencoff.

13      14.    "Class Representative Service Award" means such funds as may be

14   awarded by the Court to compensate Plaintiffs for their service in this matter.

15      15.    "Common Fund" means the sum of $200,000 ($200,000 dollars). The

16  fund is to be distributed in the following order: to pay the Settlement Administrator

17  for notice and settlement administration costs; to pay the Class Representative

18  Service Award, as awarded by the Court; and to compensate Plaintiffs' Counsel for

19  their fees and expenses, as awarded by the Court.

20      16.    "Court" means the United States District Court for the Southern District

21  of California, the Honorable Linda Lopez presiding.

22      17.    "Defendants" mean the "The TFL Parties."

23      18.    "Defendants' Counsel" or "The TFL Parties' Counsel" means

24  Fitzgerald Knaier LLP and Trenam Law.

25      19.    "Direct Notice" means "Direct Notice" means distribution of Class

26  Notice, as further detailed in Section VI.2, by e-mail, and supplemental notice via

27  postcard where e-mail notice is not possible. Email Notice shall be substantially in

28

-6-

163136513.11

the form of the attached Exhibit 6. Any supplemental Postcard Notice shall be in substantially the same form as in Exhibit 7. Direct Notice may also include additional Email Notice or Postcard Notice that the Settlement Administrator, after consultation with the Parties, deems necessary to accomplish the goals of the Class Notice Program.

20.     "Effective Date" means the later in time of: (a) the date on which the time to appeal has expired if no appeal has been taken from the Final Judgment and Order Approving Settlement; (b) in the event that an appeal or other effort to obtain review has been initiated, the date after such appeal or other review has been finally concluded and is no longer subject to review; or (c) if Settlement Class Counsel and Defendants agree in writing, any other agreed date that is earlier than the Effective Date as calculated according to subparagraphs (a) and (b) above.

21.     "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement Agreement.

22.     "Final Judgment and Order Approving Settlement" means, collectively, the Final Judgment and Final Order Approving Settlement to be entered by the Court approving the settlement as fair, adequate, and reasonable, confirming the certification of the Settlement Class, and issuing such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement Agreement. The Final Judgment and Order Approving Settlement shall be substantially in the form of Exhibits 2 and 3.

23.     "Keto Products" means any product manufactured, marketed, sold, or otherwise promoted under the Ultra Fast Keto Boost, Instant Keto, or InstaKeto brand names.

24.     "Long-form Class Notice" means the legal notice of the terms of the proposed Settlement, as approved by the Court, to be distributed according to the

-7-

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

Class Notice Program. The Long-form Class Notice shall be substantially in the form of the attached Exhibit 5.

25.    "Notice and Claim Administration Expenses" means costs and expenses incurred by the Settlement Administrator, including all notice expenses, the costs of administering the Class Notice Program, and the costs of processing claims and distributing all the Monetary Payment to Claimants.

26.    "Notice Date" means the date by which the Settlement Administrator shall commence dissemination of the Class Notice, which shall be within forty-five (45) days from the Preliminary Approval Order, unless the Parties agree to a different date, subject to Court approval. The Notice Date will be at least 30 days after the receipt of sales and consumer data by the Settlement Administrator.

27.    "Objection Date" means the date by which Class Members must file and serve objections to the Settlement Agreement and shall be no later than fourteen (14) days before the date first set for the Final Approval Hearing.

28.    "Opt-Out Date" means the receipt date by which a Request for Exclusion must be submitted to the Settlement Administrator, and shall be no later than fourteen (14) days before the date first set for the Final Approval Hearing.

29.    "Plaintiffs' Counsel" means Kneupper & Covey PC.

30.    "Preliminary Approval Order" means the order to be entered by the Court conditionally certifying the Settlement Class, preliminarily approving the Settlement Agreement, setting the date of the Final Approval Hearing, appointing Settlement Class Counsel for the Settlement Class, approving the Class Notice Program and forms of Class Notice, and setting the Opt-Out Date, Objection Date, and Notice Date, the proposed form of which is attached as Exhibit 1.

31.    "Released Claims" means all claims relating to the sale of any products sold, shipped, or caused to be sold or shipped by any of the Defendants under the Ultra Fast Keto Boost, Instant Keto, or InstaKeto or any variation thereof

-8-

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

1  marketed or otherwise promoted by Brightree Holdings Corp.

2      32.    "Released Party" or "Released Parties" means Defendants and their

3  corporate parents, subsidiaries, divisions, departments, agents, affiliates, and

4  members of their immediate family, and any and all of their past and present officers,

5  directors, employees, stockholders, agents, successors, attorneys, insurers,

6  representatives, licensees, licensors, subrogees, and assigns. For the avoidance of

7  doubt, "Released Party" or "Released Parties" specifically excludes d/b/a Global E-

8  Trading, LLC d/b/a Chargebacks911 and any of its officers and owners, Monica

9  Eaton, and Gary Cardone.

10     33.    "Releasing Party" means Plaintiffs and each Class Member.

11     34.    "Request for Exclusion" means the written communication that must be

12  submitted to the Settlement Administrator and received by or before the Opt-Out

13  Date by a Class Member who wishes to be excluded from the Settlement Class. A

14  Request for Exclusion form that is substantially in the form attached as Exhibit 4

15  shall be made available on the Settlement Website.

16     35.    "Settlement Administrator" means Epiq Class Action and Claims

17  Solutions, the entity retained by the Parties and approved by the Court to design,

18  consult on, and implement the Class Notice Program for disseminating Class Notice

19  and perform overall administrative functions.

20     36.    "Settlement Agreement" means this Stipulation of Partial Settlement

21  (including all Exhibits attached to this Stipulation of Settlement).

22     37.    "Settlement Class" means all consumers in the United States who,

23  within the applicable statute of limitations period until the date notice is

24  disseminated, were billed for shipments of either three bottles or five bottles of

25  Ultrafast Keto Boost, InstaKeto, or Instant Keto. Excluded from the Settlement Class

26  are: (i) jurists and mediators who are or have presided over the Action, Plaintiffs'

27  Counsel and Defendants' Counsel, their employees, legal representatives, heirs,

28

-9-

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

successors, assigns, or any members of their immediate family; (ii) any government entity; (iii) The TFL Parties and any entity in which The TFL Parties have a controlling interest, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and (iv) any persons who timely opt out of the Settlement Class.

38. "Settlement Class Counsel" means Kevin Kneupper, Cyclone Covey, and A. Lorraine Weekes of Kneupper & Covey.

39. "Settlement Costs" means: (i) all Notice and Claim Administration Expenses; (ii) any award of Attorneys' Fees and Expenses to Settlement Class Counsel approved by the Court; and (iii) any Class Representative Service Award to the Class Representatives approved by the Court.

40. "Settlement Website" means the Internet website to be created and maintained for this settlement by the Settlement Administrator to provide information to the public and the Settlement Class about this Settlement Agreement.

Capitalized terms used in this Settlement Agreement, but not defined in Section II, shall have the meanings ascribed to them elsewhere in this Settlement Agreement.

## III. CLASS CERTIFICATION

1. Conditional Certification of Class Certification

As part of the motion for preliminary approval of the Settlement Agreement, Plaintiffs will seek preliminary certification of the Settlement Class as defined in Section II(41). Defendants consent, solely for purposes of settlement, to the certification of the Settlement Class, to the appointment of Settlement Class Counsel, and to the approval of Plaintiffs as suitable representatives of the Settlement Class. However, that if the Court fails to approve this Settlement Agreement or the Settlement Agreement otherwise fails to be consummated, the Parties agree that the

-10-

163136513.11

1  Defendants shall retain all rights they had, including the right to object to the

2  maintenance of the Action as a class action.

3  **IV.   SETTLEMENT RELIEF**

4       1.      The Notice and Claims Procedure shall comply with all applicable rules

5  in the Southern District of California.

6       2.      Release of the Common Fund

7            a.      Plaintiffs' Motion for Attorneys' Fees and Expenses shall be filed

8  at least 30 days before the deadline for objecting to the Settlement.

9            b.      Within one-hundred and eighty (180) days after the Final

10  Approval Order, Defendants shall deposit the amount of the Common Fund into a

11  qualified settlement account.

12            c.      On the Effective Date, the Net Fund will be made available to pay

13  the Court-approved Class Representative Service Award.

14            d.      Within twenty-one (21) days after the Effective Date, Settlement

15  Class Counsel will file a Post-Distribution Accounting.

16            e.      Upon order of the Court following submission of the Post-

17  Distribution Accounting, the remainder of the Attorneys' Fees and Expenses, if any,

18  shall be paid to Settlement Class Counsel.

19  **V.   INJUNCTIVE RELIEF**

20       1.      The TFL Parties agree to the following binding injunctive relief.

21       2.      During the onboarding process for any new TFL client, and before the

22  TFL Parties provide fulfillment services for that client, the TFL Parties will first, to

23  the extent the client has a website, require that the client provide the website address.

24  The TFL Parties will review and save a copy of the home webpage and sales webpage

25  of any product that the TFL Parties fulfill which is sold by the client.

26       3.      The TFL Parties will require that their clients state in their agreement

27  with TFL that the price advertised by the client to consumers on its web pages is the

28

-11-

actual price that the consumers are charged and that the client does not and will not misrepresent to consumers the prices it charges.

4.    TFL will not knowingly enter into a contract with a company if TFL does not actually intend to perform fulfillment services for that company.

5.    The TFL Parties will not knowingly ship products for any client if the TFL Parties knows that the client is misrepresenting the actual sales price to consumers.

## VI.   ADMINISTRATION AND CLASS NOTICE

1.    Settlement Administrator

a.    Subject to Court approval, the Parties shall retain Epiq Class Action and Claims Solutions to help implement the terms of the Settlement Agreement.

b.    The Settlement Administrator will be tasked with conducting matters relating to the administration of this Settlement Agreement, as set forth herein. Those responsibilities include, but are not limited to (1) arranging for dissemination of the Direct Notice, (2) emailing or arranging for emailing or physical mail or other distribution of the Class Notice, (3) handling returned mail and email not delivered to Class Members, (4) locating and identifying any e-mail address of Class Members where the e-mail is returned or no e-mail address is available, (5) making any additional mailings required under the terms of this Settlement Agreement, (6) answering written inquiries from Class Members and/or forwarding such inquiries to Settlement Class Counsel or their designee, (7) receiving and maintaining on behalf of the Court and the Parties any Class Member correspondence and Requests for Exclusion from the Settlement, (8) establishing the Settlement Website that posts the operative complaint, Settlement Agreement, the Class Notice, and other related documents, (9) establishing and maintaining a toll-free telephone number that will provide settlement-related information to Class Members, and (10)

1  otherwise assisting with administration of the Settlement Agreement.

2      c.    The contract with the Settlement Administrator shall obligate the

3  Settlement Administrator to abide by the following performance standards:

4          i.    The Settlement Administrator shall accurately and

5  neutrally describe, and shall train and instruct its employees and agents to accurately

6  and objectively describe, the provisions of this Settlement Agreement in

7  communications with Class Members; and

8          ii.    The Settlement Administrator shall provide prompt,

9  accurate and objective responses to inquiries from Settlement Class Counsel or their

10 designee, The TFL Parties and/or their Counsel.

11    2.    **Class Notice**

12      a.    Class Notice: The Class Notice forms will include a Long-form

13 Class Notice, Email Notice, and Postcard Notice.

14      b.    The Long-form Class Notice available on the Settlement Website

15 and to be sent to Class Members at their request shall be in substantially the form of

16 Exhibit 5. The Long-form Class Notice shall be available in English. At a minimum,

17 the Long-form Class Notice shall:

18          i.    include a short, plain statement of the background of the

19 Action and the proposed Settlement Agreement;

20          ii.    describe the proposed settlement relief as set forth in this

21 Settlement Agreement;

22          iii.    inform Class Members that, if they do not exclude

23 themselves from the Settlement Class, they may be eligible to receive relief;

24          iv.    describe the procedures for participating in the Settlement,

25 including all applicable deadlines;

26          v.    explain the scope of the Release;

27          vi.    state that the settlement is contingent on the Court's final

28

-13-

1  approval of the Settlement Agreement;

2          vii.    state the identity of Settlement Class Counsel and the

3  amount sought in attorneys' fees and expenses and Class Representative Service

4  Award;

5          viii.    explain the procedures for opting out of the Settlement

6  Class including the applicable deadline for opting out;

7          ix.    explain the procedures for objecting to the Settlement

8  Agreement including the applicable deadline; and

9          x.    explain that any judgment or orders entered in the Action,

10  whether favorable or unfavorable to the Settlement Class shall include and be binding

11  on all Class Members who have not been excluded, even if they have objected to the

12  proposed Settlement Agreement and even if they have another claim, lawsuit, or

13  proceeding pending against Defendants.

14          c.    Email Notice and supplemental Postcard Notice: The Email

15  Notice and supplemental Postcard Notice shall be in substantially the form of

16  Exhibits 6 and 7, and shall include the web address of the Settlement Website and a

17  telephone number for the Settlement Administrator, a description of the Settlement

18  Class, a description of relief available to the Settlement Class and the Original Claim

19  Deadline (or any Supplemental Claim Deadline), and an explanation of the right to

20  object and/or opt-out of the Settlement Class and the deadlines to exercise these

21  rights.

22          d.    Website Notice: The Settlement Website shall be created and

23  maintained by the Settlement Administrator. The Settlement Website shall be

24  available in English. The Settlement Website shall be activated no later than the

25  Notice Date and shall remain active until sixty (60) days after the settlement benefits

26  are distributed to Claimants. The URL of the Settlement Website will be

27  "[www.KetoTFLSettlement.com]," or another URL descriptive of the settlement.

28

-14-

The Settlement Administrator shall post the Long-form Class Notice, a copy of this Settlement Agreement and its Exhibits, the Preliminary Approval Motion, the Preliminary Approval Order, the operative complaint, the Motion for Final Approval and Motion for Attorneys' Fees and Expenses, the Final Approval Order, answers to frequently asked questions, the number for the toll-free hotline maintained by the Settlement Administrator for this Settlement, Settlement-related deadlines, and any other materials or information the Parties agree to include on the Settlement Website. These documents shall be available on the Settlement Website for as long as the Settlement Website is active.

e.      The Parties agree to consult with the Settlement Administrator about the possibility of additional notice to the Settlement Class or to individual Class Members, such as internet advertising and targeting procedures, as part of the Class Notice Program.

f.      Class Action Fairness Act Notice: The TFL Parties shall work with the Settlement Administrator to comply with all notice requirements imposed by 28 U.S.C. § 1715(b) ("CAFA Notice").

g.      Dissemination of Class Notice

i.      Direct Notice: The Email Notice or supplemental Postcard Notice (as applicable), shall be sent via email, or for those Class Members for whom an email address is not available but a physical address is available, then via the United States Postal Service, to every Class Member who can be identified in the purchase records of Keto Products available from The Fulfillment Lab, Inc. or otherwise in this litigation. The Parties shall provide the Settlement Administrator any of the aforementioned Class Member contact information it possesses. After posting of the Postcard Notice by the Settlement Administrator with the United States Postal Service, for any such mailed notices returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address registry in an attempt to

-15-

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

obtain better addresses for such returned mail notices, and should that registry show a more current address, the Settlement Administrator shall send the returned Postcard Notice to the more current address. The Settlement Administrator will promptly resend any Postcard Notice that is returned as undeliverable with a forwarding U.S. Mail or email address to such forwarding address.

ii.     Website Notice: No later than the Notice Date, the Settlement Administrator will post the Long-form Class Notice on the Settlement Website, and shall post the additional documents and information discussed in Section VI.B.5 above as they become available. Such documents and information may also be posted on Settlement Class Counsel's website and Plaintiffs' Counsel's websites at their option.

iii.     Toll-Free Telephone Number: No later than the Notice Date, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members via recorded FAQs.

iv.     Upon Request: The Long-form Class Notice and Pre-Populated Claim Form shall also be sent via electronic mail or regular mail to Class Members who so request.

## VII.   OBJECTIONS AND REQUESTS FOR EXCLUSION

1.     Objections

a.     Any Class Member who intends to object to the fairness of the Settlement Agreement must do so in writing no later than the Objection Date. The written objection must be filed with the Court and served on Settlement Class Counsel and Defendants' Counsel no later than the Objection Date. The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement under oath that the objector is a Class Member; (d) a statement whether the objector intends to appear at the Final

Approval Hearing, either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection; (f) a statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

b.      Any Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Settlement Agreement. Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on Settlement Class Counsel and Defendants' Counsel, and file the notice of appearance with the Court, no later than seven (7) days before the Final Approval Hearing, or as the Court may otherwise direct. The written notice and objection requirements may be excused by the Court upon a showing of good cause.

c.      Absent a showing of good cause, any Class Member who fails to substantially comply with the provisions of Sections VII.A.1-2 above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object and shall be bound by all of the terms of this Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

2.      Requests for Exclusion

a.      Any member of the Settlement Class may request to be excluded from the Settlement Class. A Class Member who wishes to opt out of the Class must do so no later than the Opt-Out Date. To opt out, a Class Member must send to the

-17-

163136513.11

1  Settlement Administrator a written Request for Exclusion that is received no later

2  than the Opt-Out Date. The Request for Exclusion must be personally signed by the

3  Class Member and contain a statement that indicates a desire to be excluded from the

4  Settlement Class. No person may opt out of the Settlement Class for any other person

5  or be opted-out by any other person, and no Class Member shall be deemed opted-

6  out of the Settlement Class through any purported "mass" or "class" opt-outs.

7       b.     Any Class Member who does not submit a timely, written

8  Request for Exclusion shall be bound by all subsequent proceedings, orders and the

9  Final Judgment and Order Approving Settlement in this Action, even if he or she has

10  pending, or subsequently initiates, litigation, arbitration, or any other proceeding

11  against Defendants relating to the Released Claims.

12       c.     Any Class Member who properly requests to be excluded from

13  the Settlement Class shall not: (a) be bound by any orders or judgments entered in

14  the Action relating to the Settlement Agreement; (b) be entitled to submit a Claim,

15  or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the

16  Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement

17  Agreement.

18       d.     The Settlement Administrator shall provide Settlement Class

19  Counsel and Defendants' Counsel with a final list of all timely Requests for

20  Exclusion within three (3) days after the Opt-Out Date. Settlement Class Counsel

21  shall file the final list of all timely Requests for Exclusion prior to or at the Final

22  Approval Hearing.

23  **VIII.  RELEASES**

24       1.     Upon the Effective Date, each and every Releasing Party shall by order

25  of this Court be deemed to have released, waived, forfeited and shall be permanently

26  barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim

27  against any Released Party based on the identical factual predicate in any court or

28

-18-

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

any forum.

2.      In addition, with respect to the Released Claims, Plaintiffs specifically acknowledge and affirmatively waive any rights or benefits available to her under California Civil Code section 1542.  California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs hereby waive any and all federal and state statutes similar in substance, meaning or application to California Civil Code section 1542. In the event that any waiver of the provisions of section 1542 of the California Civil Code or any similar law of the United States or of any state or territory of the United States provided in this Settlement should be judicially determined to be invalid, void or unenforceable for any reason, such waiver to that extent shall be severable from the remaining provisions of this Settlement Agreement, and the invalidity, voidability, or unenforceability of the waiver shall not affect the validity, effect, enforceability or interpretation of the remaining provisions of this Settlement Agreement.

3.      The Court shall retain exclusive and continuing venue and jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Settlement Agreement and any disputes over such issues shall be brought in this Court.

## IX.    ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARD

1.      The award of Attorneys' Fees and Expenses will be paid from the Common Fund. The application for an award of Attorneys' Fees and Expenses will be made by Settlement Class Counsel on behalf of themselves and any other

-19-

163136513.11

Plaintiffs' Counsel. The TFL Parties shall not be responsible for any other fees or expenses incurred by Settlement Class Counsel or Plaintiffs.

2.      Plaintiffs will apply for a Class Representative Service Award. Any Court-approved service award is in addition to the benefits that the Class Representatives are entitled to receive as members of the Settlement Class. The Court-approved service award will be paid from the Common Fund. The service award shall be paid to the Class Representatives within seven (7) days of the Effective Date.

3.      The Court's determination of Attorneys' Fees and Expenses and Class Representative Service Award will not affect the remainder of the Settlement.

## X.      FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

1.      This Settlement Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Order Approving Settlement that finally certifies the Class for the purposes of this settlement, grants final approval of the Settlement Agreement, and provides the relief specified herein. Such Final Judgment and Order Approving Settlement shall be in substantially the form attached hereto as Exhibits 2 and 3.

## XI.      NO ADMISSION OF LIABILITY/AGREEMENT FOR SETTLEMENT ONLY

1.      This Agreement reflects the compromise and settlement of disputed claims among the Parties and is for settlement purposes only.  Neither the fact of, or any provision contained in this Agreement or its Exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as an admission of:  (a) the validity of any claim or allegation by Plaintiffs, or of any defense asserted by The TFL Parties, in the Action or any other action or proceeding; or (b) any wrongdoing, fault, violation of law, or liability of any kind on part of any Party, Defendants, Released Party, or their respective counsel.

2.     The terms of this Settlement Agreement are not, and should not be construed as, an admission of liability or wrongdoing on the part of The TFL Parties.

## XII.   TERMINATION OF THIS SETTLEMENT AGREEMENT

1.     Any Party may terminate this Settlement Agreement by providing written notice to the other Parties within ten (10) days of any of the following events:

a.     The Court does not enter a Preliminary Approval Order that conforms in material respects to Exhibit 1; or

b.     The Court does not enter a Final Judgment and Order Approving Settlement conforming in material respects to Exhibits 2 and 3, or if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court.

2.     In the event that the number of Requests for Exclusion received pursuant to Section VII.B exceeds 10% of the number of Pre-Populated Claim Forms sent by the Settlement Administrator, the TFL Parties may terminate this Settlement Agreement by providing written notice to Settlement Class Counsel within ten (10) calendar days of the Opt-Out Date.

3.     In the event that this Settlement Agreement terminates for any reason, all Parties shall be restored to their respective positions as of the date of execution of the Settlement Agreement. All amounts remaining in the Common Fund will be refunded to Defendants. In no event will Defendants be entitled to recover any funds spent for Notice and Claim Administration Expenses prior to termination of this Settlement Agreement.

## XIII.  ADDITIONAL PROVISIONS

1.     Entire Settlement Agreement: The Settlement Agreement, including all Exhibits, shall constitute the entire Settlement Agreement among the Parties with regard to the Action and shall supersede any previous settlement agreements, terms sheets, representations, communications and understandings among the Parties with

-21-

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

respect to the subject matter of the Settlement Agreement.

2.      Execution in Counterparts: The Settlement Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent by email shall be treated as original signatures and shall be binding.

3.      Notices: Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

    a.      If to Plaintiffs or Settlement Class Counsel:

            Cyclone Covey
            KNEUPPER & COVEY, PC
            17011 Beach Blvd., Ste. 900
            Huntington Beach, CA 92647-5998
            Tel: 512-420-8407
            cyclone@kneuppercovey.com

    b.      If to Defendants or Defendants' Counsel:

            Robert Knaier
            FITZGERALD KNAIER LLP
            402 W Broadway, Suite 1400
            San Diego, CA 92101
            Tel: 619-241-4810
            rknaier@fitzgeraldknaier.com

4.      Good Faith: The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Settlement Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

5.      Publicity: To the extent Defendants or Plaintiffs make any public statements regarding the settlement of this Action, any such statements shall be

-22-

consistent with the Court-approved documents that comprise this Settlement Agreement or otherwise agreed on by the Parties in writing in advance.

6.    Binding on Successors: The Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors and/or assigns of the Released Parties.

7.    Arms-Length Negotiations: The determination of the terms and conditions contained herein and the drafting of the provisions of this Settlement Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel. This Settlement Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Settlement Agreement and the Parties agree that the drafting of this Settlement Agreement has been a mutual undertaking.

8.    Waiver: The waiver by one Party of any provision or breach of the Settlement Agreement shall not be deemed a waiver of any other provision or breach of the Settlement Agreement.

9.    Variance: In the event of any variance between the terms of this Settlement Agreement and any of the Exhibits hereto, the terms of this Settlement Agreement shall control and supersede the Exhibit(s).

10.    Taxes: No opinion concerning the tax consequences of the Settlement Agreement to any Class Member is given or will be given by Defendants, Defendants' Counsel, Settlement Class Counsel, or Plaintiffs' Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Settlement Agreement as to any Class Member. Each Class Member is responsible for his/her tax reporting and other obligations respecting the Settlement Agreement, if any.

-23-

11. **Modification in Writing:** The Settlement Agreement may not be changed, modified, or amended except in a writing signed by one of Settlement Class Counsel and one of the TFL Parties' Counsel and, if required, approved by the Court. The Parties contemplate that the Exhibits to the Settlement Agreement may be modified by subsequent agreement of Defendants and Settlement Class Counsel so long as the modifications do not alter the substantive terms of the Agreement or reduce the rights and benefits of Class Members.

12. **Retain Jurisdiction:** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement embodied in this Settlement Agreement.

13. **Choice of Law:** This Settlement Agreement is governed by, and shall be construed and enforced in accordance with, California law.

14. **Recitals:** The recitals contained in Section I are hereby incorporated into and made a part of the Agreement, including all defined terms referenced therein.

15. **Computation of Time:**  All deadlines and time periods prescribed in this Settlement Agreement shall be calculated pursuant to Fed. R. Civ. P. 6.

[Signature Pages Follow]

NO. 3:20-CV-01528-LL-DDL
SIHLER ET AL. V. THE FULFILLMENT LAB, INC. ET AL.

163136513.11

1       IN WITNESS WHEREOF, the Parties hereto have caused the Settlement

2 Agreement to be executed as of the last date set forth below.

3

4 Dated:  09/16/2024

    Janet Sihler
    PLAINTIFF

5

6

7 Dated: 09/17/2024

    Charlene Bavencoff
    PLAINTIFF

8

9

10 Dated:  September ___, 2024

    Richard Nelson, in his individual capacity

11

12

13 Dated:  September ___, 2024

    Richard Nelson, on behalf of The Fulfillment Lab, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-

163136513.11

# EXHIBIT 1

1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10  JANET SIHLER, an individual, on            NO. 3:20-cv-01528-LL-DDL
    behalf of herself and all persons similarly
11  situated; CHARLENE BAVENCOFF, an           **[PROPOSED] ORDER GRANTING**
    individual, on behalf of herself and all   **PRELIMINARY APPROVAL OF**
12  persons similarly situated,                **CLASS ACTION SETTLEMENT**

13
                                               Judge:  Hon. Linda Lopez
14          Plaintiff,                          Magistrate Judge: Hon. David Leshner

15      v.                                      Complaint filed:  August 6, 2020

16
    THE FULFILLMENT LAB, INC., et al.,
17
            Defendants
18

19

20

21

22

23

24

25

26

27

28                                             No. 3:20-cv-01528-LL-DDL
                                               SIHLER ET AL v. THE FULFILLMENT
                                               LAB, INC. ET AL

WHEREAS, this matter has come before the Court pursuant to Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over the action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this Settlement and releasing their claims;[1] and

WHEREAS, this Court has considered all submissions related to the Motion and is otherwise fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

## I.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.    The terms of the Settlement Agreement dated August ___ 2024, including all exhibits thereto (the "Settlement Agreement"),[2] are preliminarily approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Settlement Class, and are subject to further consideration at the Final Approval Hearing referenced below. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings in this Order.

2.    The Settlement Agreement was entered into after extensive arm's length negotiations by experienced counsel and with the assistance and oversight of experienced mediators. The Court preliminarily finds that this Settlement complies with the class action requirements of Federal Rule of Civil Procedure 23. Further, the Court finds that the Settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in the Settlement Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the

---

[1]    *See In re Hyundai & Kia Fuel Economy Litigation*, 926 F.3d 539 (9th Cir. 2019) (*en banc*).
[2]    Unless otherwise noted, capitalized terms have the meaning given them in the Settlement Agreement.

litigation.

## II.    THE CLASS, CLASS REPRESENTATIVES AND CLASS COUNSEL

3.    The Court has previously certified the Class, Class Representative, and Class Counsel. Dkt. 183.

4.    All proceedings in this Action as to the Settling Defendants, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

5.    All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

6.    If the Settlement Agreement is not finally approved by the Court, or for any reason the Final Judgment and Order Approving Settlement is not entered as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then:

(a)    All orders and findings entered in connection with the Settlement

2                          3:20-cv-01528-LL-DDL
SIHLER ET AL v. THE FULFILLMENT LAB,
INC. ET AL

Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)    Nothing contained in this Order is to be construed as a presumption, concession or admission by or against any Defendant or Class Representatives of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action;

(c)    Nothing in this Order pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in the Action; and

(d)    All of the Court's prior Orders having nothing whatsoever to do with class certification or the Settlement Agreement shall, subject to this Order, remain in force and effect.

## III.    NOTICE TO CLASS MEMBERS

7.    The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator: (a) meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfy the Constitutional requirements regarding notice. In addition, the forms of Class Notice: (a) apprise Class Members of the terms of the proposed Settlement and their rights and deadlines (including any Supplemental Claim Deadline) under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice as described in the Class Notice Plan and the methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement

3:20-cv-01528-LL-DDL
SIHLER ET AL v. THE FULFILLMENT LAB, INC. ET AL

Administrator in all respects, and it hereby orders that notice be commenced within forty-five (45) days of this Order.

8.      The Court further approves the establishment of an internet website for the Settlement. This Settlement Website ([URL]) shall include documents relating to the Settlement Agreement, orders of the Court relating to the Settlement Agreement and such other information as Class Counsel and Defendant's Counsel mutually agree would be beneficial to potential Class Members. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice and other terms of the Settlement Agreement.

9.      The Court hereby appoints Epiq Class Action and Claims Solutions to be the Settlement Administrator. Responsibilities of the Settlement Administrator are found in the Settlement Agreement.

## IV.    REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

10.      Class Members who wish to be excluded from the Settlement Class must mail a written request for exclusion, using the form available on the Settlement Website, or with a letter mailed to the Settlement Administrator received no later than fourteen (14) days before the date first set for the Final Approval Hearing. A request for exclusion may also be submitted online at the Settlement Website. Any request for exclusion must be signed by the potential Class Member and contain the following information: the name, address, and telephone number of the Class Member; basis upon which the person claims to be a Class Member; the Class Member's signature and date of signature; and a statement that the Class Member wants to be excluded.

11.      Potential Class Members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement Agreement, the settlement, or the Final Judgment and Order Approving Settlement. If a potential Class Member files a request for exclusion, he/she/it may not assert an objection to

the Settlement Agreement. Not later than three (3) days after the Opt-Out Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final list of timely Requests for Exclusion. Defendant's Counsel shall file this list with the Court prior to the Final Approval Hearing.

12.    Any potential Class Member that does not properly and timely exclude himself/herself/itself from the Settlement Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement and the Final Judgment and Order Approving Settlement, whether or not such Class Member objected to the Settlement Agreement or submits claim form or otherwise avails himself/herself/itself of the benefits available in the Settlement Agreement.

13.    No later than ten (10) days before the date first set for the Final Approval Hearing, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, and an Affidavit attesting to the accuracy of the opt-out list.

## V.    OBJECTIONS

14.    Any Class Member who has not requested exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the requested award of attorneys' fees, costs, and expenses, or the requested service awards to the Class Representatives, must submit a written statement of objections to the Court either by mailing or by filing it at any location of the United States District Court for the Southern District of California. The written objection must be filed or mailed and received no later than fourteen (14) days before the date first set for the Final Approval Hearing.

15.    To be considered by the Court, any objection must be in writing and include the following information: (a) a heading which refers to the case name and number (*Sihler et al v. The Fulfillment Lab, Inc. et al*, Case Number 3:20-cv-01528);

(b) the objector's full name, telephone number, and address (the objector's actual residential address must be included); (c) if represented by counsel, the full name, telephone number, and address of all counsel, and whether counsel will appear at the Final Approval Hearing; (d) all of the reasons for the objection; (e) an explanation of the basis upon which the person claims to be a Class Member; and (f) the objector's dated, handwritten signature (an electronic signature or attorney's signature are not sufficient). Any documents supporting the objection must also be attached to the objection. If any testimony is to be given in support of the objection, the names of all persons who will testify must be set forth in the objection. For mailing objections, the Court's address is as follows:

> Clerk of Court
> United States District Court
> Southern District of California
> 221 West Broadway, San Diego, CA 92101

16.    The Court will require substantial compliance with the requirements above. If the objector does not submit a written objection in accordance with the deadline and procedure set forth above, the objector will waive any right to be heard at the Final Approval Hearing. However, the Court may excuse the objector's failure to file a written objection upon a showing of good cause, which, if granted, would permit the objector to still appear at the Final Approval Hearing and object to the Settlement.

## VI.    FINAL APPROVAL HEARING

17.    The Final Approval Hearing will be held on [120 days after entry of the Preliminary Approval Order, or as soon thereafter as the Court's schedule permits] at _____ Pacific Time before this Court, at the United States District Court for the Southern District of California, 221 West Broadway, San Diego, CA 92101, to consider, *inter alia*, the following: (a) whether the Settlement Class should be

1    certified for settlement purposes; (b) whether the settlement and Settlement

2    Agreement should be finally approved as fair, reasonable and adequate; and (c) Class

3    Counsel's application for attorneys' fees, costs and expenses ("Fee Request") and the

4    Class Representative's service awards.

5        18.    No later than thirty-five (35) days prior to the Final Approval Hearing,

6    Class Counsel shall file and Defendant may file with the Court any memoranda or

7    other materials in support of final approval of the Settlement Agreement and also no

8    later than forty-five (45) days prior the Final Approval Hearing, Class Counsel shall

9    file any request for attorneys' fees and expenses with the Court. Any reply briefs

10   relating to final approval of the Settlement Agreement or Class Counsel's request for

11   attorneys' fees and expenses or responses to objections to the Settlement Agreement

12   shall be filed no later than seven (7) days prior the Final Approval Hearing.

13       19.    Any Class Member who has not excluded himself/herself/itself from the

14   Settlement Class may appear at the Final Approval Hearing in person or by counsel

15   (at his/her/its own expense) and may be heard, to the extent allowed by the Court,

16   either in support of or in opposition to the Settlement Agreement and/or the fee

17   request. Any Class Member wanting to be heard at the Final Approval Hearing shall

18   send a letter saying that it is his/her/its "Notice of Intention to Appear in *Sihler et al*

19   *v. The Fulfillment Lab, Inc*." Such letter shall be mailed to the Clerk of Court and

20   received on or before seven (7) days prior to the date first set for the Final Approval

21   Hearing. In the notice, the Class Member must include his/her/its name, address, and

22   telephone number, and the name, address, and telephone number of counsel, if any,

23   that will appear. For mailing notices of intent to appear, the Court's address is as

24   follows:

25           Clerk of Court
             United States District Court
26           Southern District of California
             221 West Broadway, San Diego, CA 92101
27

28                                    7                    3:20-cv-01528-LL-DDL
                                                    SIHLER ET AL v. THE FULFILLMENT LAB,
                                                                        INC. ET AL

20.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website at [URL].

## VII.  OTHER PROVISIONS

21.     The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

22.     The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members – except that notice of any such extensions shall be included on the Settlement Website [URL] Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

23.     Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

24.     This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED.**

_____
HONORABLE LINDA LOPEZ
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

JANET SIHLER, an individual, on
behalf of herself and all persons similarly
situated; CHARLENE BAVENCOFF, an
individual, on behalf of herself and all
persons similarly situated,

NO. 3:20-cv-01528-LL-DDL

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

11
12
13
14

        Plaintiff,

15

    v.

Judge:  Hon. Linda Lopez
Magistrate Judge: Hon. David Leshner

16

Complaint filed:  August 6, 2020

17

THE FULFILLMENT LAB, INC., et al.,

18

        Defendants

19
20
21
22
23
24
25
26
27
28

No. 3:20-cv-01528-LL-DDL
SIHLER ET AL V. THE FULFILLMENT LAB,
INC. ET AL

[PROPOSED] ORDER GRANTING FINAL APPROVAL

163597501.2

THIS MATTER is before the Court following a hearing on [_____, __, 2024, at ___]. The Court has considered the Settlement Agreement dated [ ] (the "Settlement Agreement"). An opportunity to be heard having been given to all other persons desiring to be heard as provided in the Notice and having considered all of the submissions and arguments, and good cause appearing therefore;

IT IS HEREBY ORDERED AS FOLLOWS:

1.    This Final Order incorporates herein and makes a part hereof the Settlement Agreement, including the Exhibits thereto, and incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2.    The Court has jurisdiction over the subject matter of this action, and all Parties to the action for purpose of settlement, including all Settlement Class Members.

3.    The Court finds that the persons excluded from the Settlement Class because they filed valid requests for exclusion ("Opt-Outs") are identified in Exhibit A to this Order. These Class Members who filed timely, completed Opt-Outs are not bound by this Order and the accompanying Final Judgment or the terms of the Settlement Agreement and may pursue their own individual remedies against Defendant. However, such persons are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement Agreement.

4.    The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved Class Notice Program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Long-form Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right

to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the Settlement Class.

5.     The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

6.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and all other persons seeking to comment on the proposed Settlement Agreement. In addition, the Court has considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement Agreement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of Defendant to withstand a greater judgment; and (8) the reasonableness of the relief provided by the Settlement Agreement in light of the best possible recovery.

7.     The terms and provisions of the Settlement Agreement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of Magistrate Judge David D. Leshner. Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

8.     All Class Members who have not timely and validly opted out are Class

2                     No. 3:20-cv-01528-LL-DDL
SIHLER ET AL V. THE FULFILLMENT
LAB, INC. ET AL

[PROPOSED] ORDER GRANTING FINAL APPROVAL

Members who are bound by this Order and accompanying Final Judgment and by the terms of the Settlement Agreement.

9.    Nothing in the Settlement Agreement, this Order, the accompanying Final Judgment, or the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

10.    The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Settlement Class. The efforts of Class Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Settlement Class. Class Counsel have made application for an award of attorneys' fees and reimbursement of expenses in connection with the prosecution of the action on behalf of themselves. This amount is fair, reasonable, and adequate under the common fund doctrine, the range of awards ordered in this District and Circuit, the results obtained, the substantial risk borne by Class Counsel in litigating this matter, the degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the Class, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Class Counsel are reasonable, and that the estimated hours expended are reasonable. Accordingly, the Court hereby awards $_____ as attorneys' fees to be paid out of the Common Fund in accordance with the terms of the Settlement Agreement.

11.    Class Counsel have also made application for an award of litigation expenses in connection with the prosecution of the action. Finding that such expenses were reasonably and necessarily incurred in prosecuting the action on behalf of the

Settlement Class, the Court finally approves Class Counsel's request for litigation expenses in the amount of $\$_____$, which is to be paid by out of the Common Fund in accordance with the terms of the Settlement Agreement.

12.    Further, the Court approves service awards of $\$_____$ for Plaintiff LeAnne Tan. The Class Representative participated in the Action, acted to protect the Settlement Class, and assisted her counsel. The service award, which is fair, reasonable, and justified, are to be paid out of the Common Fund in accordance with the terms of the Settlement Agreement.

13.    The Court hereby dismisses with prejudice this action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others.

14.    All Class Members and their legally authorized representatives are hereby enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

15.    Without affecting the finality of this Order and the Final Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this Order, the Final Judgment and the Settlement Agreement, and all matters ancillary thereto.

16.    The Court finding that no reason exists for delay in entering this Order

and the Final Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the Clerk is hereby directed to enter the Final Judgment forthwith.

17.    The Parties and the Settlement Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Order and the Final Judgment; and (ii) do not limit the rights of the Settlement Class.

**IT IS SO ORDERED.**

_____
HONORABLE LINDA LOPEZ
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

JANET SIHLER, an individual, on
behalf of herself and all persons
similarly situated; CHARLENE
BAVENCOFF, an individual, on
behalf of herself and all persons
similarly situated,

NO. 3:20-cv-01528-LL-DDL

**[PROPOSED] FINAL JUDGMENT**

Judge:  Hon. Linda Lopez
Magistrate Judge: Hon. David Leshner

12

Plaintiff,

13

Complaint filed:  June 12, 2020

14

v.

15

THE FULFILLMENT LAB, INC., et al.,

16

Defendants

17
18
19
20
21
22
23
24
25

No. 3:20-cv-01528-LL-DDL
SIHLER ET AL V. THE
FULFILLMENT LAB, INC ET AL

26
27
28

163597511.1                                    [PROPOSED] FINAL JUDGMENT

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 AS FOLLOWS:

    (1) On this date, the Court entered an Order Granting Final Approval of Class Action Settlement in the above-captioned action; and

    (2) Final judgment is entered in accordance with the Order Granting Final Approval of Class Action Settlement, for the reasons stated therein, and the above-captioned action is dismissed with prejudice as to the Defendants.

**SO ORDERED** this _____ day of _____, 2024.

_____
HONORABLE LINDA LOPEZ
UNITED STATES DISTRICT JUDGE

# EXHIBIT 4

# REQUEST FOR EXCLUSION FORM
*Sihler et al v. The Fulfillment Lab, Inc. et al*
U. S. District Court for the Southern District of California
Case No. 3:20-cv-01528-LL-DDL

1. Full Name: _____

2. Home Address:_____

3. Telephone Number: _____

4. E-mail Address (optional): _____

I purchased Keto Products, between August 6, 2016 and [**DATE**], inclusive.

I want to be excluded from the Class in *Sihler et al v. The Fulfillment Lab, Inc. et al*, Case No. 3:20-cv-01528-LL-DDL (S.D. Cal.). I understand that by excluding myself from this case I waive any and all rights that I may have to receive any settlement benefits, including, but not limited to, money from this class action.

Date (mm/dd/yyyy): _____, ____

_____
(Please Print Your Name)

_____
(Please Sign Your Name)

To be excluded from the Settlement Class, complete and mail this form received no later than [Response Deadline] to: Settlement Administrator, P.O. Box 5439, Portland, OR 97228-5439. You may also submit this completed form at [URL].

If you do not want to complete this form, you may send a handwritten or typed and signed letter to the Settlement Administrator requesting exclusion (opting out), containing the information identified above and mailing it to the address as set forth in the prior paragraph.

# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If you purchased Ultra Fast Keto Boost, Instant Keto, or InstaKeto Products, you may be part of a class action settlement.

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit to resolve allegations against Richard Nelson, The Fulfillment Lab, Inc., David Flynn, Rick James, Bmor Global LLC, Brightree Holdings, and Beyond Global, Inc. (the "Settling Defendants"), relating to UltraFast Keto Boost, Instant Keto, and InstaKeto diet products (the "Keto Products"). The suit alleges that the marketing of the Keto Products was false or misleading to consumers, and the Settling Defendants were involved in selling these products or assisting in the sale of those products. The Settling Defendants deny these allegations but have settled this case to avoid further litigation and distraction of resources from their business.

- The Settlement provides for a payment by the Settling Defendants $200,000, in addition to providing cooperation in an ongoing lawsuit in Florida against other defendants. The Florida lawsuit is titled *Sihler et al v. Global E-Trading, LLC et al*, No. 8:23-cv-1450 (M.D. Fla.). The class representatives and class counsel are continuing to pursue a monetary recovery against those Defendants, and you may receive a separate notice in that lawsuit. The settlement in this case provides for injunctive relief against two of the Defendants. The Settlement streamlines what would otherwise be a longer trial with a likelihood that the Settling Defendants would have no remaining assets available to compensate the Class after that trial.

- The Settlement's Monetary Payment will be applied to the costs of notice, expenses, incentive awards to the class representatives, and attorney's fees.

- Your legal rights are affected whether or not you act. ***Please read this notice carefully***.

| YOUR RIGHTS AND CHOICES | | DEADLINE |
|---|---|---|
| **Exclude Yourself** | Keep any right to file your own lawsuit against Defendant about the legal claims in this case. | Submit an Exclusion: **[Opt-Out Deadline]** |
| **Object** | Tell the Court why you don't like the Settlement. You will still be bound by the Settlement if the Court approves. | Deadline to file an Objection: **[Objection Deadline]** |
| **Attend A Hearing** | Ask to speak to the Court about the fairness of the Settlement. | Deadline to file a Notice of Appearance: **[7 days before the Final Approval Hearing]** |
| **Do Nothing** | Give up legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

**Questions? Call 1-855-435-0524, or Visit [URL]**

Questions? Call 1-855-435-0524, or Visit [URL]

- 2 -

163687653.1

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................ **PAGE 3**
    1. Why should I read this Notice?
    2. What is this lawsuit about?
    3. Why is the lawsuit a class action?
    4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................... **PAGE 3**
    5. Am I part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET** .................................................. **PAGE 4**
    6. What does the Settlement provide?
    7. What can I get from the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................................ **PAGE 5**
    8. Do I have lawyers in this case?
    9. How will the lawyers be paid?

**YOUR RIGHTS - EXCLUDING YOURSELF FROM THE SETTLEMENT** .................. **PAGE 6**
    10. How do I get out of the Settlement?
    11. If I exclude myself, can I get anything from this Settlement?

**YOUR RIGHTS - OBJECTING TO THE SETTLEMENT** .............................................. **PAGE 6**
    12. How do I tell the Court that I don't like the Settlement?
    13. What's the difference between objecting and asking to be excluded?

**YOUR RIGHTS - APPEARING AT THE FINAL APPROVAL HEARING** .................... **PAGE 7**
    14. When and where will the Court decide whether to approve the Settlement?
    15. Do I have to attend the Final Approval Hearing?
    16. May I speak at the Final Approval Hearing?

**YOUR RIGHTS - DO NOTHING** .................................................................................... **PAGE 8**
    17. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ................................................................................ **PAGE 8**
    18. Are there more details about the Settlement?
    19. How do I get more information?

**Questions? Call 1-855-435-0524, or Visit [URL]**
- 3 -

163687653.1

## BASIC INFORMATION

**1. Why should I read this Notice?**

If you were billed for shipments of either three bottles or five bottles of Ultrafast Keto Boost, Insta Keto, or InstantKeto between the applicable statute of limitations period and [Date of Preliminary Approval], you are a member of a Settlement Class.

This Notice explains the class action lawsuit, the proposed Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get the benefits.

The Court in charge of this case is the United States District Court for the Southern District of California. The lawsuit is known as *Sihler et al v. The Fulfillment Lab, Inc., et al*, Case No. 3:20-cv-1528-LL-DDL. You may obtain additional updates on the status of the case by contacting Class Counsel (listed in Question 11 below), going to [URL] or viewing case information through the Court's system at www.Pacer.gov.

**2. What is this lawsuit about?**

This lawsuit is about whether Keto Products were marketed in a false or misleading way. "Keto Products" is a defined term under the Settlement Agreement, meaning "any product manufactured, marketed, sold, or otherwise promoted under the Ultra Fast Keto Boost, Instant Keto, or InstaKeto brand names." The suit alleges that Settlings Defendants were involved in selling these products or assisting in the sale of those products. Defendants deny that they did anything wrong. This Settlement is not an admission of any liability. The Court has not decided who is right.

**3. Why is the lawsuit a class action?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sue – and all the Class Members like them – are called the "Plaintiffs." The individuals and companies the Plaintiffs sued are called the "Defendants." The court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class. U.S. District Judge Linda Lopez is in charge of this class action.

**4. Why is there a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement. By agreeing to settle, both sides avoid the cost and risk of a full trial and the Plaintiffs obtain cooperation in the form of evidence that may be used against other Defendants in another pending class action lawsuit in Florida. The goal is to obtain compensation for the Class in that separate class action lawsuit. The Class Representative her their attorneys believe the Settlement is best for the Settlement Class and its members.

## WHO IS IN THE SETTLEMENT?

To see if you are eligible for benefits, you first have to determine if you are a Class Member.

**5. Am I part of the Settlement?**

You are a Class Member if you were billed for Keto Products between the applicable statute of limitations period and [Date of Preliminary Approval].

Excluded from the Settlement are: (i) jurists and mediators who are or have presided over the Action, Plaintiff's Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) any government entity; (iii) The Settling Defendants and any entity in which the Settling Defendants have a controlling interest, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and (iv) any persons who timely opt out of the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6.   What does the Settlement provide?

The Settlement does not provide monetary payment to Class Members. Class notice and claim administration expenses, Plaintiffs' Counsel's attorneys' fees and expenses and any service award to the Class Representative (discussed below) will be paid out of the Settlement Fund, if approved by the Court. The Settlement provides injunctive relief against two of the Defendants, and requires evidentiary cooperation from the remaining Defendants on behalf of the class in litigation pending in Florida.

### 7.   What am I giving up to receive these Settlement benefits?

Unless you exclude yourself ("opt out") from the Settlement Class by timely submitting an Exclusion Request (see Questions 13-14 below), you will remain in the Settlement Class. By remaining in the Settlement Class you "release" and can't sue, continue to sue, or be part of any other lawsuit against the Settling Defendants about the "Released Claims" in this case. These Released Claims are only those claims that you could have brought based on the identical factual predicate of those claims brought in this case about the alleged misleading marketing and labeling of Keto Products between the applicable statute of limitations period and [**DATE**].

The Settlement Agreement at Section VIII (titled "Releases") describes these "Released Claims" and the "Released Parties" in necessary legal terminology, so read these sections carefully. For ease of reference, the full release section of the Settlement Agreement is attached to this Notice as Appendix A. The Settlement Agreement is available at [URL] or in the public court records on file in this lawsuit. For questions regarding the Releases or what they mean, you can also talk to one of the lawyers listed in Question 11 below for free, or you can, talk to your own lawyer at your own expense.

## THE LAWYERS REPRESENTING YOU

### 8.   Do I have lawyers in this case?

The Court has appointed attorneys from the law firm Kneupper & Covey, PC of Huntington Beach, CA, to represent you and the other Class Members. The lawyers are called Class Counsel. They are

experienced in handling similar class action cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

You may contact Class Counsel if you have any questions about this Notice or the Settlement. ***Please do not contact the Court***.

---

**Class Counsel:**
Kevin Kneupper
Cyclone Covey
KNEUPPER & COVEY, PC
17011 Beach Blvd., Ste. 900
Huntington Beach, CA 92647-5998
Tel: 657-845-3100
Email: **cyclone@kneuppercovey.com**
Website: www.kneuppercovey.com

---

| 9. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for an award of the costs of notice, expenses, incentive awards to the class representatives, and attorney's fees. Plaintiffs expect that this will exceed the $200,000 settlement amount. Any award of attorneys' fees and costs will be paid from the Settlement Fund. Class Counsel will also ask the Court for a service award for the Class Representative. The purpose of the service awards is to compensate the Plaintiff for her time, efforts and risks taken on behalf of the Settlement Class. Any award of payment to the Class Representative will be paid from the Settlement Fund.

## YOUR RIGHTS – EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a Monetary Payment, but want to keep the right to sue or continue to sue the Settling Defendants on your own, on the basis of the legal issues in this case, then you must take steps to exclude yourself from the Settlement (get out of the Settlement). This is called "excluding yourself"— or is sometimes referred to as "opting out" of the settlement class.

| 10. | How do I get out of the Settlement? |
|---|---|

To exclude yourself from the Settlement, you must send a "Request for Exclusion" in the form of a letter or Request for Exclusion form stating that you want to be excluded from *Sihler et al v. The Fulfillment Lab, Inc., et al,* Case No. 3:20-cv-1528-LL-DDL. Be sure to include your name, address, telephone number, and basis upon which you are a Class Member. You must mail your Request for Exclusion received by **[Opt-Out Deadline]** to: Settlement Administrator, P.O. Box 5439, Portland, OR 97228-5439. Request for Exclusion forms can be obtained online at [URL].

**Questions? Call 1-855-435-0524, or Visit [URL]**

If you do not follow these procedures and deadlines, you will remain a Class Member and lose any opportunity to exclude yourself from the Settlement. This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

| **11. If I exclude myself, can I get anything from this Settlement?** |
|---|

No. If you exclude yourself, you cannot receive Monetary Payments. But, you may sue, continue to sue, or be part of a different lawsuit against the Settling Defendants about the legal issues in this case.


## YOUR RIGHTS – OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

| **12. How do I tell the Court that I don't like the Settlement?** |
|---|

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Note: You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement awards will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To object, you must send a letter. Be sure to include the following information:

a. The case name and number (*Sihler et al v. The Fulfillment Lab, Inc., et al,* Case No. 3:20-cv-1528-LL-DDL);

b. Your name, address, telephone number and, if represented by counsel, the name, address, and telephone number of your counsel;

c. A statement under oath that you are a Class Member;

d. A statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel;

e. A statement of all your objections and the specific grounds supporting your objections;

f. A statement whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;

g. Copies of any papers, briefs, or other documents upon which your objection is based; and

h. Your handwritten, dated signature (the signature of your counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

Your objection must be submitted to the Court either by mailing (or by filing it at any location of the United States District Court for the Southern District of California) and served on Class Counsel and Defendant's Counsel received no later than **[Objection Deadline]**, to the following addresses:

| **Court:** | **Class Counsel:** | **Defense Counsel:** |
|---|---|---|
| Clerk | Kevin Kneupper | Robert Knaier |
| United States District Court, | Cyclone Covey | 402 W Broadway, Suite 1400 |
| Southern District of California | Kneupper & Covey PC | San Diego, CA 92101 |
| 221 West Broadway | 17011 Beach Blvd., Ste. 900 | |
| San Diego, CA 92101 | Huntington Beach, CA 92647 | |

**Questions? Call 1-855-435-0524, or Visit [URL]**

163687653.1

If you timely file an objection it will be considered by the Court at the Final Approval Hearing. You do not need to attend the Final Approval Hearing for the Court to consider your objection.

The Court will require substantial compliance with these requirements above. If you do not submit a written objection in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Final Approval Hearing. However, the Court may excuse your failure to file a written objection upon a showing of good cause, which, if granted, would permit you to still appear at the Final Approval Hearing and object to the Settlement.

| 13. What's the difference between objecting and asking to be excluded? |
|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because you are no longer part of the case.


# YOUR RIGHTS – APPEARING AT THE FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

| 14. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold a Final Approval Hearing at **[DATE]**, at the United States District Court for the Southern District of California, 221 West Broadway San Diego, CA 92101.

At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. If there are objections, the Court will consider them. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

<u>Note</u>: The date and time of the Final Approval Hearing are subject to change by Court Order. Any change will be posted at [URL]. You should check this website or the Court's PACER website to confirm that the date and/or time have not changed.

| 15. Do I have to attend the Final Approval Hearing? |
|---|

No. Class Counsel will answer all questions Judge Lopez may have. But, you are welcome to attend the hearing at your own expense. If you submit an objection, you do not have to attend the heading to talk about your objection. As long as you filed your written objection by the deadline, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 16. May I speak at the Final Approval Hearing? |
|---|

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Settlement. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you in this lawsuit, you must send a letter saying that it is your "Notice of Intention to Appear in *Sihler et al v. The Fulfillment Lab, Inc*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received by **[DATE]**, and be sent to the Clerk of Court at the address listed in Question 15.

If you want to speak at the Final Approval Hearing without having followed these procedures, you may do so if you demonstrate good cause to the Court.

## YOUR RIGHTS – DO NOTHING

### 17. What happens if I do nothing at all?

If you do nothing, you'll be part of the Settlement Class. Unless you exclude yourself, you will <u>not</u> be permitted to continue to assert Released Claims in any other lawsuit against the Settling Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 18. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at [URL], or by contacting Class Counsel by email or telephone at the address or number listed in response to Question 11 above.

### 19. How do I get more information?

You can call toll-free 1-855-435-0524, write to Settlement Administrator, P.O. Box 5439, Portland, OR 97228-5439; or go to [URL], where you will find answers to common questions about the Settlement, a Claim Form, motions for approval of the Settlement and Class Counsel's request for attorneys' fees and expenses, and other important documents in the case.

You can also access information about this case through the Court's Public Access to Court Electronic Records (PACER) system. To learn about PACER and register for a PACER account, go to https://www.Pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.casd.uscourts.gov/. You can also access and retrieve documents from the Court's docket by visiting the Clerk's Office located at United States District Court for the Southern District of California, Southern District of California, 221 West Broadway, San Diego, CA 921012, during business hours.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS**

**Questions? Call 1-855-435-0524, or Visit [URL]**

# EXHIBIT 6

United States District Court for the Southern District of California

# If you purchased Ultra Fast Keto Boost, InstaKeto, or Instant Keto diet pills, please read this notice: a class action may affect your rights.

Records indicate that you may be affected by a class action settlement in a lawsuit alleging that the marketers and distributors of Ultra Fast Keto Boost, InstaKeto, and Instant Keto diet pills broke the law by making misrepresentations about, and overcharging consumers for, the diet pills they sold and distributed. The lawsuit is called *Sihler et al. v. The Fulfillment Lab Inc., et al.*, No. 3:20-cv-01528-LL-DDL (S. D. Cal.). This notice summarizes your rights and options.

**Who is a Class Member?** Class Members are consumers in the United States who were billed for shipments of either three bottles or five bottles of Ultrafast Keto Boost, Insta Keto, or InstantKeto. The court ordered that the Class consists of "all consumers in the United States who, within the applicable statute of limitations period until the date notice is disseminated, were billed for shipments of either three bottles or five bottles of Ultrafast Keto Boost, Insta Keto, or InstantKeto." The court also certified a Subclass of Class Members who live in California. You can get more information about the class at www.website.com.

**Who are the Defendants?** The Defendants are the people and companies who sold and distributed the Ultra Fast Keto Boost, InstaKeto, and Instant Keto diet pills: the Fulfillment Lab, Inc., Richard Nelson, Beyond Global Inc., Brightree Holdings Corporation, BMOR Global LLC, David Flynn, and Rickie Joe James, as well as unknown "Doe Defendants." The Defendants deny the claims in the lawsuit.

**What is this case about?** This lawsuit alleges that Defendants engaged in a fraudulent scheme involving misrepresentations about the price, sponsorship and availability of diet pills in order to overcharge Class Members for those pills. The lawsuit alleges that Class Members ordered three or five-bottle bundles of Defendants' diet pills based on false advertising stating purchasers would get free bottle(s) of pills and that the pills were limited in availability and endorsed by celebrities. The lawsuit seeks damages and restitution, a civil penalty of three times those damages, attorney fees and costs, as well as an order telling the Defendants to stop the conduct Plaintiffs allege violates the law. Defendants deny that they did anything wrong.

**What are the terms of the settlement?** The settlements require cooperation by the settling defendants against other Defendants who are still being sued in a separate lawsuit on behalf of the class, *Sihler et al v. Global E-Trading, LLC et al*, No. 8:23-cv-1450 (M.D. Fla.). The class representatives and class counsel are continuing to pursue a monetary recovery against those Defendants, and you may receive a separate notice in that lawsuit. The settlement provides for injunctive relief against two of the Defendants. The settlement also provides a payment of $200,000, which will be applied to the costs of notice, expenses, incentive awards to the class representatives, and attorney's fees.

## YOUR LEGAL RIGHTS AND OPTIONS

You have two options:

- ▪ **<u>Do Nothing</u>. Stay in this lawsuit. Await the outcome. Give up certain rights.**
- ▪ **<u>Opt Out</u>. Get out of this lawsuit. Get no benefits from it. Keep rights.**

If you do nothing, you will stay in the Class. You will be bound by all orders of the court and you won't be able to separately sue, or continue to separately sue, the Defendants in this case for the conduct at issue in this lawsuit.

The court has appointed Kneupper & Covey, PC as "Class Counsel" to represent the Class. You do not have to pay Class Counsel. If Class Counsel gets money or benefits for the Class, they may ask the court for attorneys' fees and costs from any money obtained for the Class or paid by the Defendants. If you want your own lawyer in this case, you may hire one at your own expense. Plaintiffs Janet Sihler and Charlene Bavencoff are Class Members that the court has appointed as "Class Representatives."

If you ask to be excluded, you keep any rights to sue the Defendants in this lawsuit separately about the same legal claims as the ones in this lawsuit. You may exclude yourself from the Class by sending a letter or email to the address below no later than 45 days after Notice saying you want to be excluded from the Class. Information about how to request to be excluded is available at www.website.com.

Under either option, you may later receive a notice of a class action lawsuit in *Sihler et al v. Global E-Trading, LLC et al*, No. 8:23-cv-1450 (M.D. Fla.), a related matter involving the same products but against different Defendants. Your decision about whether to opt out of this lawsuit will not affect your rights in that action should be a settlement there.

**How can you get more information?** For more information, visit www.website.com, contact the administrator at ###-###-####, or write to Keto Products Class Action Administrator, [ADDRESS] or [EMAIL] You can also call at [###-###-####]. Please do not contact the court.

EXHIBIT 7

Settlement Administrator
P.O. Box 5439
Portland, OR 97228-5439

**Court-Ordered Legal Notice**

**If you purchased Keto Products, you may be bound by a class action settlement.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**To opt out of this settlement you must return a form by [Opt-Out Deadline].**

UniqueID: <<UniqueID>>
PIN: <<PIN>>>>

Forwarding Service Requested

Postal Service: Please do not mark barcode
Claim No.:

[CLASS MEMBER INFO]

You are receiving this because purchase records indicate you purchased one or more **Keto Products** from August 6, 2016 to [DATE]. If so, you may be a "Class Member" and may be bound by a class action settlement. In *Sihler et al v. The Fulfillment Lab, Inc. et al,* No. 3:20-cv-01528-LL-DDL (S.D. Cal.), the court preliminarily approved the Settlement of a class action lawsuit involving claims that Keto Products were falsely marketed. The settling defendants in the lawsuit deny these claims.

This postcard is being sent to you as required by the Court. To determine if you are a Class Member, view the Detailed Notice and the Settlement Agreement at [URL] or call toll-free1-855-435-0524.

**What are the terms of the settlement?** The settlements require cooperation by the settling defendants against other Defendants who are still being sued in a separate lawsuit on behalf of the class, *Sihler et al v. Global E-Trading, LLC et al,* No. 8:23-cv-1450 (M.D. Fla.). The class representatives and class counsel are continuing to pursue a monetary recovery against those Defendants, and you may receive a separate notice in that lawsuit. The settlement provides for injunctive relief against two of the Defendants. The settlement also provides a payment of $200,000, which will be applied to the costs of notice, expenses, incentive awards to the class representatives, and attorney's fees.

**What are my other options?** If you don't want to be legally bound by the Settlement, you must submit an Request for Exclusion received by the Administrator on or before [Opt-Out Deadline]. You may also write to the Court if you wish to object to the Settlement by [Objection Deadline]. If you exclude yourself, then you cannot receive any benefits, but you do not release any potential rights to sue the settling defendants relating to the legal claims in the lawsuit.

The Court will hold a hearing on [DATE at TIME]. At that hearing, the Court will consider whether to approve this Settlement and whether to approve requested attorneys' fees plus reimbursement of costs and requested Class Representative's service awards You may appear at the hearing, but you don't have to. The Court has appointed attorneys from the law firm Kneupper & Covey PC to represent the Class ("Class Counsel"). You will not be charged for these lawyers. If you want your own lawyer, you may hire one at your expense.

If you have any questions, please visit [URL] or call 1-855-435-0524.