UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly,<br><br>Plaintiffs,<br><br>v.<br><br>THE FULFILLMENT LAB, INC; RICHARD NELSON; BEYOND GLOBAL, INC.; BRIGHTREE HOLDINGS CORP.; BMOR GLOBAL LLC; DAVID FLYNN; RICKIE JOE JAMES,<br><br>Defendants. | Case No.: 20cv1528-LL-DDL<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[ECF No. 258] |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"). ECF No. 258. No opposition has been filed. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Motion.

/ / /

## I.    BACKGROUND

### A.    Operative Complaint and Procedural History

Plaintiffs Janet Sihler and Charlene Bavencoff initiated this class action lawsuit on August 6, 2020. ECF No. 1. It involves an alleged fraudulent scheme in which Defendants allegedly use fake celebrity and magazine endorsements, as well as misrepresentations about price and limited availability, to induce consumers into purchasing weight-loss pills branded as "Ultra Fast Keto Boost" and "Instant Keto" (or "InstaKeto") (collectively "Keto Products"). ECF No. 120 ¶¶ 8–14, 65–105. Defendants allegedly charge customers more than they agreed to pay, make it difficult or impossible to return the products or receive a refund, and operate "false front" websites to mislead banks and credit card companies investigating chargebacks. *Id.* Plaintiffs claim that but for their reliance on Defendants' false and misleading representations and omissions about the Keto Products, they would not have bought them or would have paid less for them. ECF No. 130 at 15; ECF No. 120 ¶ 63. The following allegations are taken from Plaintiffs' second amended complaint ("SAC"). ECF No. 120.

Plaintiffs allege that Defendants worked together to perpetrate this fraudulent scheme. *Id.* ¶¶ 13, 14. Defendants David Flynn, Rickie Joe James, Bmor Global LLC, Beyond Global Inc., and Brightree Holdings Corp. were the marketers and branders of the Keto Products (collectively "Keto Defendants"). *Id.* ¶¶ 11, 13. They allegedly created the landing pages viewed by consumers and the false front websites shown to bank and credit card companies. *Id.* ¶ 11. Defendant The Fulfillment Lab, Inc. ("TFL"), owned by Defendant Richard Nelson (collectively "TFL Defendants"), was the fulfillment company that allegedly provided generic "white label" products to Keto Defendants, assisted them with affiliate marketing and advertising, distributed the products to consumers, and handled returns when customers complained. *Id.* Plaintiffs allege that The Fulfillment Lab, Inc. was the fulfillment company for the Keto Products and that both products were the same white-labeled products offered by TFL Defendants. *Id.* ¶¶ 192–97.

/ / /

Plaintiffs allege the following causes of action against all Defendants: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), (2) violation of California's False Advertising Law ("FAL"), (3) violation of the unfair and fraudulent prongs of California's Unfair Competition Law ("UCL"), (4) violation of the unlawful prong of California's UCL, and (5) civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations.[1] *Id.* ¶¶ 234–474.

On June 23, 2023, the Court granted Plaintiffs' motion for class certification and certified the following classes pursuant to Federal Rule of Civil Procedure 23(b)(3):

> (1) A nationwide class for the RICO claims consisting of all consumers in the United States who, within the applicable statute of limitations period until the date notice is disseminated, were billed for shipments of either three bottles or five bottles of Ultrafast Keto Boost, InstaKeto, or Instant Keto.
>
> (2) A California subclass for the state law causes of action consisting of all consumers in California who, within the applicable statute of limitations period until the date notice is disseminated, were billed for shipments of either three bottles or five bottles of Ultrafast Keto Boost, InstaKeto, or Instant Keto.

ECF No. 183 at 24.

On July 5, 2023, Plaintiffs filed notice of a related case that had been filed in the Middle District of Florida ("Florida Action") on June 28, 2023, and stated that assigning the two cases to a single district judge would not be likely to "effect a saving of judicial effort and other economies." ECF No. 186; *Sihler et al. v. Global E-Trading, LLC (d/b/a Chargebacks911), et al.*, No. 8:23cv1450 (M.D. Fla.). The Florida court certified a nationwide class, defined as follows: "All consumers in the United States who, within the applicable statute of limitations period until the date notice is disseminated, were billed for

---

[1] Plaintiffs allege that Keto Defendants directly violated the California consumer statutes and that TFL Defendants violated them by aiding and abetting and conspiring with Keto Defendants. SAC ¶¶ 241–56, 275–89, 309–23, 399–413. For the RICO claim, Plaintiffs allege that all Defendants violated the statute, but to the extent that TFL Defendants did not directly commit predicate acts, they conspired to do so. SAC ¶¶ 418, 472.

shipments of either three bottles or five bottles of Ultrafast Keto Boost, InstaKeto, or Instant Keto." Order at 3, 33, *Sihler et al. v. Global E-Trading, LLC (d/b/a Chargebacks911), et al.*, No. 8:23cv1450 (M.D. Fla. Aug. 13, 2024).

The parties participated in discovery and several settlement conferences. ECF Nos. 193 at 2, 196, 199, 200, 247. The instant Motion was filed on October 16, 2024. ECF No. 258.

### B. Proposed Settlement

The parties propose three separate class settlement agreements that would collectively resolve all claims in this action against all Defendants. ECF No. 258 at 8; ECF Nos. 258-2, 258-3, 258-4. Specifically, the proposed settlement agreement between Plaintiffs and Defendants David Flynn, Bmor Global LLC, Brightree Holdings Corp., and Beyond Global, Inc. ("Flynn Defendants") provides for cooperation by the Flynn Defendants in the related Florida Action currently being pursued in parallel on behalf of the same class as in this case in exchange for a dismissal of all claims with prejudice. ECF No. 258-2. Similarly, the proposed settlement agreement between Plaintiffs and Defendant Rick James ("James") provides for cooperation by James in the related Florida Action in exchange for a dismissal of all claims with prejudice. ECF No. 258-3. Finally, the proposed settlement agreement between Plaintiffs and the TFL Defendants provides for $200,000 and injunctive relief "designed to identify potential bad actors and prevent them from being able to utilize The Fulfillment Lab, Inc.'s services" in exchange for a dismissal of all claims with prejudice. ECF Nos. 258 at 16; 258-4. The $200,000 is to be distributed in the following order: "to pay the Settlement Administrator for notice and settlement administration costs; to pay the Class Representative Service Award, as awarded by the Court; and to compensate Plaintiffs' Counsel for their fees and expenses, as awarded by the Court." ECF No. 258-4 at 7, 12–13. The amount of attorney's fees and the Class Representative Service Award have not been negotiated and will be subject to approval by motion to the Court. ECF No. 258 at 21. Plaintiffs' counsel claims that they anticipate seeking only the reimbursement of expenses and not fees. *Id.*

The settlement agreement with the TFL Defendants provides that following the Court's approval of the instant Motion, putative class members will be notified by email, postal mail if necessary, and via website of this action, the proposed settlement, the date of the hearing for final approval of the settlement, their rights, how to opt-out, and the deadline to serve objections to the settlement. ECF No. 258-4 at 9, 14–17.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) provides that a court may approve a proposed settlement in a class action "after a hearing and only on finding that it is fair, reasonable, and adequate" after considering the following:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The court's responsibility at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval." *See* Manual for Complex Litigation, Fourth § 21.632 (FJC 2004). If "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval[,]" then preliminary approval of the settlements should granted. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting Manual for Complex Litigation, Second § 30.44 (FJC 1985)).

/ / /

/ / /

## III.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Court finds the settlements are the product of arm's-length, non-collusive negotiations. The parties participated in four settlement conferences with a magistrate judge, which is "a factor weighing in favor of a finding of non-collusiveness." ECF Nos. 49, 196, 200, 247; *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011). Settlement also came after extensive discovery and investigation. ECF Nos. 258 at 25, 258-1, Declaration of Kevin Kneupper ("Kneupper Decl."), ¶¶ 34, 36–37.

The Court finds the settlements fall within the range of possible approval with no obvious deficiencies. Plaintiffs assert the settlements are collectively reasonable "given (1) their lack of assets sufficient to provide further recovery to the Class, (2) the injunctive relief TFL and Mr. Nelson have agreed to, and (3) the value of the evidence the Class has obtained as a result of these settlements." ECF No. 258 at 10. Although the $200,000 settlement amount is a negligible percentage of Plaintiffs' estimate of actual damages for a nationwide class and will be "largely used to offset costs of litigation," the Court finds Plaintiffs have shown that a larger recovery is not possible due to the financial condition of Defendants. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000), *as amended* (June 19, 2000) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." (citation omitted)). Plaintiffs' counsel reviewed confidential documents, demanded additional documentation such as tax returns, and investigated Defendants' assets and financial situations before concluding that "continuing on in this case would likely exhaust the assets of the settling defendants with minimal (or potentially even no recovery at all)." Kneupper Decl. ¶ 34. Plaintiffs also state that the substantial cooperation and evidence gained by settlement with the Flynn Defendants and James has been extremely valuable to the class in the related Florida Action, which seeks to recover money for the same class members. ECF No. 258 at 10–12; Kneupper Decl. ¶¶ 32–33. Finally, Plaintiffs negotiated injunctive relief with Defendants TFL and Richard Nelson that benefits the general public by actions "designed to identify potential bad actors and prevent

them from being able to utilize TFL's services." *Id.* at 16. *See Nigh v. Humphreys Pharmacal, Inc.*, No. 12CV2714-MMA-DHB, 2013 WL 5995382, at *11–12 (S.D. Cal. Oct. 23, 2013) (declining to assign a dollar amount to the injunctive relief but finding it substantially benefits the class and the general public when viewed in light of the results obtained as a whole). The Court finds that after viewing the settlements as a whole and acknowledging the financial condition of Defendants, coupled with the risk of taking this complex case to trial with uncertain results, the settlements fall within the range of possible approval with no obvious defects. *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").

The Court finds the settlements do not improperly grant preferential treatment to class representatives or segments of the class. Plaintiffs state that they intend to file a separate motion seeking an incentive award for the class representatives that is in line with Ninth Circuit authority, but that the amount was not negotiated as part of the settlement. ECF No. 258 at 27.

Accordingly, the terms of the settlement agreements dated and signed by Plaintiffs and Flynn Defendants in April 2024, Rick James in June 2024, and TFL Defendants in September 2024, including all exhibits, (collectively "Settlement Agreement"), are preliminarily approved as fair, reasonable, and adequate; are sufficient to warrant sending notice to the Settlement Class; and are subject to further consideration at the Final Approval Hearing referenced below. [2] Unless otherwise specified, the terms defined in the Settlement Agreement shall have the same meanings in this Order.

---

[2] The Court notes that the settlement agreement with TFL Defendants is not signed by Richard Nelson in his individual capacity, nor on behalf of TFL. ECF No. 258-4 at 26. The Court **ORDERS** Plaintiffs to supplement the record with the settlement agreement with TFL Defendants that contains TFL Defendants' signatures on or before **June 30, 2025**.

The Settlement Agreement was entered into after extensive arm's-length negotiations by experienced counsel and with the assistance and oversight of experienced mediators. The Court preliminarily finds that this Settlement complies with the class action requirements of Federal Rule of Civil Procedure 23. Further, the Court finds that the Settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in the Settlement Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## IV.    THE CLASS, CLASS REPRESENTATTVES, AND CLASS COUNSEL

The Court has previously certified the Class, Class Representatives, and Class Counsel. ECF No. 183. Janet Sihler and Charlene Bavencoff are the Class Representatives, and Kevin Kneupper and Cyclone Covey of Kneupper & Covey, PC are Class Counsel. *Id.* at 25. The Settlement Class is defined as:

> [A]ll consumers in the United States who, within the applicable statute of limitations period until the date notice is disseminated, were billed for shipments of either three bottles or five bottles of Ultrafast Keto Boost, InstaKeto, or Instant Keto. Excluded from the Settlement Class are: (i) jurists and mediators who are or have presided over the Action, Plaintiffs' Counsel and Defendants' Counsel, their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; (ii) any government entity; (iii) The TFL Parties and any entity in which The TFL Parties have a controlling interest, any of their subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and (iv) any persons who timely opt out of the Settlement Class.

ECF No. 258-4 at 10–11.

All proceedings in this Action as to the Settling Defendants, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

/ / /

All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims. To clarify, these enjoinments do not apply to the related Florida Action of *Sihler et al. v. Global E-Trading, LLC (d/b/a Chargebacks911), et al.*, No. 8:23cv1450 (M.D. Fla.), which also seeks to recover money for Class Members.

If the Settlement Agreement is not finally approved by the Court, or for any reason the Final Judgment and Order Approving Settlement is not entered as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then:

(a)  All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force or effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)  Nothing contained in this Order is to be construed as a presumption, concession or admission by or against any Defendant or Class Representatives of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action;

(c)  Nothing in this Order pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in the Action; and

/ / /

(d)  All of the Court's prior Orders having nothing whatsoever to do with class certification or the Settlement Agreement shall, subject to this Order, remain in force and effect.

## V.  NOTICE TO CLASS MEMBERS

The Court has considered the proposed Class Notice in the Settlement Agreement and finds that the forms of Class Notice and methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator: (a) meet the requirements of due process and Federal Rule of Civil Procedure 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfy the constitutional requirements regarding notice. In addition, the forms of Class Notice: (a) apprise Class Members of the terms of the proposed Settlement and their rights and deadlines (including any Supplemental Claim Deadline) under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves, as to form and content, each of the forms of Class Notice as described in the Class Notice Plan and the methodology for its publication and dissemination as described in the Settlement Agreement and in the Declaration of the Settlement Administrator, with the following exceptions that require correction or clarification:

1.      On ECF No. 258-4 at 50, in the second bullet point, first sentence, add the word "of" before "$200,000." On the same page, the opt-out deadline by mail is postmarked by October 29, 2025, or November 5, 2025 by submitting online, if that is an option. The objection deadline by mail is postmarked by October 29, 2025, or by filing on the docket by November 5, 2025. The deadline to file a Notice of Appearance by mail is postmarked by November 5, 2025, or filed on the docket by November 12, 2025.

2.      On ECF No. 258-4 at 53, in question No. 1, replace "the applicable statute of limitations period" with "August 6, 2016."

3.      On ECF No. 258-4 at 53, in question No. 1, replace the reference to "Question 11 below" with "Question 8 below."

4.      On ECF No. 258-4 at 53, in question No. 2, removing the final "s" from "Settlings."

5.      On ECF No. 258-4 at 53, in question No. 4, final sentence, replace "The Class Representative her" with "The Class Representatives and."

6.      On ECF No. 258-4 at 54, in question No. 5, replace "the applicable statute of limitations period" with "August 6, 2016." Also in question No. 5, the first "t" after "(iii)" should be lowercase.

7.      On ECF No. 258-4 at 54, in question No. 6, "Class Representative" should be plural.

8.      On ECF No. 258-4 at 54, in question No. 7, replace "the applicable statute of limitations period" with "August 6, 2016."

9.      On ECF No. 258-4 at 54, in question No. 7, add the following after the last sentence of the first paragraph: "Whether you opt out or remain in this Settlement Class does not affect your participation in the related Florida case *Sihler et al. v. Global E-Trading, LLC (d/b/a Chargebacks911), et al.*, No. 8:23cv1450 (M.D. Fla.)."

10.     On ECF No. 258-4 at 54, in question No. 7, replace the reference to "Question 11 below" with "Question 8 below." In the same sentence, remove the comma between "can" and "talk."

11.     On ECF No. 258-4 at 55, in question No. 9, first sentence, add the following after "attorney's fees": "; this request (or motion) will be posted on the Settlement Website at [URL] no later than October 5, 2025." *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010) (finding the district court must allow the class to review and prepare objections to class counsel's completed fee motion). In the fifth sentence of question No. 9, replace "compensate the Plaintiff for her" with "compensate Plaintiffs for their."

12.     On ECF No. 258-4 at 55, in question No. 10, third sentence, replace "received by [Opt-Out Deadline]" with "postmarked by October 29, 2025." If a request for exclusion may also be submitted online at the Settlement Website, add the following sentence at the end of the first paragraph in question No. 10: "A request for exclusion may also be submitted online at the Settlement Website no later than November 5, 2025."

13.     On ECF No. 258-4 at 56, in question No. 12, the last sentence before the addresses should read as follows: "Your objection must be submitted to the Court and served on Class Counsel and Defendant's Counsel to the following addresses either by mailing it with a postmark no later than October 29, 2025 to each of the three addresses, or filing it on the docket or in person at the United States District Court for the Southern District of California no later than November 5, 2025:".

14.     On ECF No. 258-4 at 56, in question No. 12, for the Court's address information, replace "Clerk" with "Clerk of Court" and the address with "333 West Broadway, Ste. 420."

15.     On ECF No. 258-4 at 57, in question No. 14, first sentence, replace "Hearing at [DATE]" with "Hearing on November 19, 2025." In the same sentence, replace "221 West Broadway San Diego" with "333 West Broadway, San Diego."

16.     On ECF No. 258-4 at 58 in question No. 16, add "Case No. 3:20-cv-1528-LL-DDL" after the case name.

17.     On ECF No. 258-4 at 58, in question No. 16, second to last sentence, replace "received by [DATE]" with "postmarked by November 5, 2025" and replace "Question 15" with "Question 12." Add the following to the end of the second paragraph in question No. 16: "You may also file it in person at the address listed in Question 12 for the Clerk of Court by November 12, 2025."

18.     On ECF No. 258-4 at 58, in question No. 18, replace "Question 11" with "Question 8."

19.     On ECF No. 258-4 at 58, in question No. 19, replace the Clerk's Office address with "333 West Broadway, Suite 420, San Diego, CA 92101."

20.    On ECF No. 258-4 at 60, first paragraph, last sentence, replace "(S. D. Cal.)" with "(S.D. Cal.)."

21.    On ECF No. 258-4 at 60, fifth paragraph regarding the terms of settlement, last sentence, add the following immediately after "attorney's fees": ", if approved by the court." Also add the following sentence to the end of the fifth paragraph: "This request (or motion) for attorney's fees, costs, and incentive awards will be posted on the Settlement Website at [URL] no later than October 5, 2025."

22.    On ECF No. 258-4 at 60–61, in the section titled "Your Legal Rights and Options," **make all appropriate corrections and additions** to include and explain the "third option," which is to "object." In doing so, correct any references to "two" or "either" option.

23.    On ECF No. 258-4 at 61, third paragraph, replace "by sending a letter or email to the address below no later than 45 days after Notice" with "by sending a letter postmarked by October 29, 2025."[3]

24.    On ECF No. 258-4 at 61, fourth paragraph, remove "should be a settlement there."

25.    On ECF No. 258-4 at 61, last paragraph, ensure that the placeholders are replaced with the actual website, phone number, address, and email. Remove the redundant second to last sentence, unless that phone number is different from the one in the previous sentence.

26.    On ECF No. 258-4 at 63, top left box, replace "form by [Opt-Out Deadline]" with "form postmarked by October 29, 2025."

---

[3] The proposed notice information on the website does not mention an option to opt-out by email. ECF No. 258-4 at 55–56. If a request for exclusion may also be submitted online at the Settlement Website, add the following sentence: "A request for exclusion may also be submitted online at the Settlement Website no later than November 5, 2025."

13

27.     On ECF No. 258-4 at 63, bottom box, third paragraph, last sentence, add the following immediately after "attorney's fees": ", if approved by the court." Also add the following sentence to the end of the third paragraph: "This request (or motion) for attorney's fees, costs, and incentive awards will be posted on the Settlement Website at [URL] by October 5, 2025."

28.     On ECF No. 258-4 at 63, bottom box, fourth paragraph, replace "submit an Request for Exclusion received by the Administrator on or before [Opt-Out Deadline]" with "submit a Request for Exclusion to the Administrator postmarked by October 29, 2025." Also replace "object to the Settlement by [Objection Deadline]" with "object to the Settlement by October 29, 2025, or file your letter in person at the court by November 5, 2025."

29.     On ECF No. 258-4 at 63, fifth paragraph, replace "Representative's" with "Representatives'" and add a period after "service award."

30.     Throughout all the notices, choose to use either "attorney's fees" or "attorneys' fees" and make corrections so that it is consistent.

**The Court ORDERS Plaintiffs to file the corrected notices on the docket on or before <u>June 30, 2025</u>.** Unless the Court states otherwise upon review of the amended notices, notice shall commence on or before **<u>August 1, 2025</u>**.

The Court further approves the establishment of an internet website for the Settlement. This Settlement Website ([URL]) shall include documents relating to the Settlement Agreement, orders of the Court relating to the Settlement Agreement, and such other information as Class Counsel and Defendant's Counsel mutually agree would be beneficial to potential Class Members. The Notice and Claim Administration Expenses are to be paid in accordance with the Settlement Agreement. The Parties are hereby authorized to establish the means necessary to implement the Class Notice and other terms of the Settlement Agreement.

/ / /

/ / /

The Court hereby appoints Epiq Class Action and Claims Solutions to be the Settlement Administrator. Responsibilities of the Settlement Administrator are found in the Settlement Agreement.

## VI.    REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS

Class Members who wish to be excluded from the Settlement Class must mail a written request for exclusion, using the form available on the Settlement Website, or with a letter mailed to the Settlement Administrator, postmarked on or before **October 29, 2025**. Any request for exclusion must be signed by the potential Class Member and contain the following information: the name, address, and telephone number of the Class Member; basis upon which the person claims to be a Class Member; the Class Member's signature and date of signature; and a statement that the Class Member wants to be excluded. It is unclear to the Court if a request for exclusion may also be submitted online at the Settlement Website; if so, the deadline to submit the exclusion form online is **November 5, 2025**.

Potential Class Members who timely and validly exclude themselves from the Settlement Class shall not be bound by the Settlement Agreement, the settlement, or the Final Judgment and Order Approving Settlement. If a potential Class Member files a request for exclusion, he/she/it may not assert an objection to the Settlement Agreement. Not later than **November 10, 2025**, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final list of timely Requests for Exclusion. Defendant's Counsel shall file this list with the Court on or before **November 12, 2025**.

Any potential Class Member that does not properly and timely exclude himself/herself/itself from the Settlement Class shall remain a Class Member and shall be bound by all the terms and provisions of the Settlement Agreement and the settlement and the Final Judgment and Order Approving Settlement, whether or not such Class Member objected to the Settlement Agreement or submits a claim form or otherwise avails himself/herself/itself of the benefits available in the Settlement Agreement.

/ / /

No later than **November 10, 2025**, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, and an Affidavit attesting to the accuracy of the opt-out list.

## VII. OBJECTIONS

Any Class Member who has not requested exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the requested award of attorney's fees, costs, and expenses, or the requested service awards to the Class Representatives, must submit a written statement of objections to the Court either by mailing or by filing it at the United States District Court for the Southern District of California. The written objection must be mailed and postmarked no later than **October 29, 2025**, or filed on the docket no later than **November 5, 2025**.

To be considered by the Court, any objection must be in writing and include the following information: (a) a heading which refers to the case name and number (*Sihler et al. v. The Fulfillment Lab, Inc. et al.*, No. 3:20cv1528-LL-DDL); (b) the objector's full name, telephone number, and address (the objector's actual residential address must be included); (c) if represented by counsel, the full name, telephone number, and address of all counsel, and whether counsel will appear at the Final Approval Hearing; (d) all of the reasons for the objection; (e) an explanation of the basis upon which the person claims to be a Class Member; and (f) the objector's dated, handwritten signature (an electronic signature or attorney's signature are not sufficient). Any documents supporting the objection must also be attached to the objection. If any testimony is to be given in support of the objection, the names of all persons who will testify must be set forth in the objection. For mailing objections, the Court's address is as follows: Clerk of Court, United States District Court, Southern District of California, 333 West Broadway, Ste. 420, San Diego, CA 92101.

The Court will require substantial compliance with the requirements above. If the objector does not submit a written objection in accordance with the deadline and procedure

set forth above, the objector will waive any right to be heard at the Final Approval Hearing. However, the Court may excuse the objector's failure to file a written objection upon a showing of good cause, which, if granted, would permit the objector to still appear at the Final Approval Hearing and object to the Settlement.

## VIII. FINAL APPPROVAL HEARING

The Final Approval Hearing will be held on **November 19, 2025** at **10:30 a.m.** Pacific Time before this Court, at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, to consider, inter alia, the following: (a) whether the Settlement Class should be certified for settlement purposes; (b) whether the settlement and Settlement Agreement should be finally approved as fair, reasonable and adequate; and (c) Class Counsel's application for attorney's fees, costs and expenses ("Fee Request") and the Class Representatives' service awards.

No later than **October 15, 2025**, Class Counsel shall file and Defendant may file with the Court any memoranda or other materials in support of final approval of the Settlement Agreement. No later than **October 6, 2025**, Class Counsel shall file any request for attorney's fees, expenses, and class representative award with the Court. Any reply briefs relating to final approval of the Settlement Agreement or Class Counsel's request for attorney's fees, expenses, and class representative award or responses to objections to the Settlement Agreement shall be filed no later than **November 12, 2025**.

Any Class Member who has not excluded himself/herself/itself from the Settlement Class may appear at the Final Approval Hearing in person or by counsel (at his/her/its own expense) and may be heard, to the extent allowed by the Court, either in support of or in opposition to the Settlement Agreement and/or the fee request. Any Class Member wanting to be heard at the Final Approval Hearing shall send a letter saying that it is his/her/its "Notice of Intention to Appear in *Sihler et al. v. The Fulfillment Lab, Inc. et al.*, No. 3:20cv1528-LL-DDL." Such letter shall be mailed to the Clerk of Court and postmarked no later than **November 5, 2025**, or filed on the docket no later than **November 12, 2025**. In the notice, the Class Member must include his/her/its name,

address, and telephone number, and the name, address, and telephone number of counsel, if any, that will appear. For mailing notices of intent to appear, the Court's address is as follows: Clerk of Court, United States District Court, Southern District of California, 333 West Broadway, Ste. 420, San Diego, CA 92101.

The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website.

## IX. OTHER PROVISIONS

The Parties are authorized to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement.

The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

To the extent the parties request the undersigned to retain jurisdiction over these settlement proceedings, the Court **DECLINES**. If the parties wish Magistrate Judge

/ / /

/ / /

/ / /

/ / /

/ / /

David D. Leshner to retain jurisdiction over the settlement, all parties <u>and</u> counsel must sign the attached form and lodge it with the undersigned for approval on or before **<u>October 29, 2025</u>**.

     **IT IS SO ORDERED.**

Dated:  June 18, 2025

_____
Honorable Linda Lopez
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JANET SIHLER, individually and on behalf of all others similarly situated, et al.,

Plaintiffs,

vs.

THE FULFILLMENT LAB, INC., et al.,

Defendants.

**CONSENT TO EXERCISE OF SETTLEMENT JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE AND ORDER OF REFERENCE**

Case No.:  20cv1528-LL-DDL

## CONSENT TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

The parties, having settled this case, by signing below further voluntarily consent to the jurisdiction of **United States Magistrate Judge David D. Leshner** to decide (1) all disputes regarding settlement terms arising during the documentation thereof not resolved by the parties themselves; and, (2) all disputes arising out of the terms of the settlement agreement once completed.  The parties further consent and agree that that any decision by the Magistrate Judge regarding any such dispute(s) shall be **FINAL AND BINDING, WITH NO APPEAL.**

The parties intend to provide Magistrate Judge Leshner with plenary authority to achieve finality regarding disputes, reduce the risk of future litigation, and provide a venue to solve disputes with a minimum of expense.  As part of his authority, Magistrate Judge Leshner may impose any sanction or penalty he deems appropriate, which, in his sole discretion, he believes is commensurate with the nature and severity of the dispute and resolution thereof.  This authority includes, but is not limited to, monetary and/or injunctive relief and discretion to impose sanctions or penalties including imposition of any sanction up to and including contempt of court, pursuant to 28 U.S.C. § 636(e).

This consent is valid for a period of ***one year*** from the date this order is signed by the District Judge.

<u>Signatures of all Parties AND Attorneys</u>                                             <u>Date</u>

_____                    _____
circle one each: (Plaintiff/Defendant) and (Attorney/Client)

_____                    _____
circle one each: (Plaintiff/Defendant) and (Attorney/Client)

_____                    _____
circle one each: (Plaintiff/Defendant) and (Attorney/Client)

_____                    _____
circle one each: (Plaintiff/Defendant) and (Attorney/Client)

## ORDER OF REFERENCE

IT IS ORDERED that this case is referred to the **Honorable David D. Leshner**, United States Magistrate Judge, to resolve all settlement-related disputes as described above, accordance with 28 U.S.C. § 636(c) and the foregoing consent of the parties.

_____
Date

_____
United States District Judge